THE PEOPLE OF THE STATE OF NEW YORK ex rel. DAVID MALONEY et al., Relators, *v.* THE SHERIFF OF THE COUNTY OF KINGS, Respondent.

(Supreme Court, Kings Special Term, December, 1921.)·

Criminal procedure — witness — habeas corpus — constitutional law — commitment, in default of bail, of necessary and material witness for the people is an unwarrantable interference with the liberty of the individual and unconstitutional — insufficient affidavit not " proof "— no jurisdiction — relators discharged — Code Crim. Pro. § 618-b.

   The statute (Code Crim. Pro. § 618-b) which provides that " Whenever a judge of a court of record in this state is satisfied, by proof on oath, that a person residing or being in this state is a necessary and material witness for the people in a

criminal action or proceeding pending in any of the courts of this state, he may, after an opportunity has been given to such person to appear before such judge and be heard in opposition thereto, order such person to enter into a written undertaking, with such sureties and in such sum as he may deem proper, to the effect that he will appear and testify at the court in which such action or proceeding may be heard or tried, and upon his neglect or refusal to comply with the order for that purpose, the judge must commit him to such place, other than a state prison, as he may deem proper, until he comply or be legally discharged," is an unwarrantable interference with the liberty of the individual, and is, therefore, unconstitutional.

Where on the return to a writ of habeas corpus it appears that the only attempt to show that the several relators were necessary and material witnesses, was found in the affidavit made by the acting chief clerk in the office of the district attorney, wherein it was stated: " I am informed and believe, the sources of my information being statements made to me by Detective James Cunningham, of the New York Police Department, and therefore say that David Maloney (one of the relators) who is in the State of New York, was present at the time of the commission of the said alleged crime, and is a material and necessary witness for the People herein," such evidence is not only too flimsy, but falls far short of " proof," and the county judge was without ·jurisdiction to require each of the relators to give an undertaking with sureties for their appearance as witnesses on the trial, and in default of such undertakings to commit them to jail, and the relators are accordingly discharged from custody.

Habeas corpus.

Robert H. Elder, for relators.

Harry E. Lewis, district attorney, and Harry G. Ruderson, assistant district attorney, for respondent.

Benedict, J. This case comes before me on the return of a writ of habeas corpus. The district attorney opposes the release of the relators on the ground that they are lawfully detained as witnesses in a

criminal cause under section 618-b of the Code of Criminal Procedure. The relators claim that this section is unconstitutional. The relators were each required by one of the county judges of Kings county to furnish an undertaking with sureties in the sum of $10,000 to secure the appearance of the relators respectively as witnesses in the said criminal cause, and in default of such undertakings they were committed by the county judge to Raymond street jail.

The first sentence of section 618-b of the Criminal Code reads as follows: '' Whenever a judge of a court of record in this state is satisfied, by proof on oath, that a person residing or being in this state is a necessary and material witness for the people in a criminal action or proceeding pending in any of the courts of this state, he may, after an opportunity has been given to such person to appear before such judge and be heard in opposition thereto, order such person to enter into a written undertaking, with such sureties and in such sum as he may deem proper, to the effect that he will appear and testify at the court in which such action or proceeding may be heard or tried, and upon his neglect or refusal to comply with the order for that purpose, the judge must commit him to such place, other than a state prison, as he may deem proper, until he comply or be legally discharged.''

Provisions somewhat similar in character were contained in the Revised Statutes of 1828. 2 R. S. 709, §§ 21–24. There was, however, this important difference — that under the Revised Statutes, before a witness could be required to furnish sureties, the magistrate must '' be satisfied by due proof, that there is good reason to believe that any such witness (one required to give a recognizance for his appearance) will not fulfil the conditions of such recognizance.''

The present statute permits sureties to be required merely on proof that the person is a necessary and material witness, without even a hint or suspicion that he may leave the state or otherwise evade the process of the court. This, as I understand the relator's argument, is on the ground on which they claim the statute to be unconstitutional — because, without any wrong on their part, either committed, or reasonably to be apprehended, they are required to furnish security, and being unable by reason of poverty to do so, are committed to jail.

I am inclined to think that the contention of the relators is sound. No doubt a witness in a criminal case may be required to give security for his appearance when there is reason to believe that otherwise he will not attend; but where there is no reason to so believe, a requirement that he give security or go to jail works a serious hardship on a poor man, entirely innocent of any wrongdoing, actual or threatened.

It is obvious that oppressive use might be made of such a power. It might even be employed to force the abandonment or withdrawal of a prosecution, because under it a poor complaining witness might be held in custody, while the defendant goes at large under bail. As was said in *Comfort* v. *Kittle,* 81 Iowa, 179, 181: " The power to require persons, without accusation of wrong and without a hearing, to give even their own pledge for their appearance as witnesses, is surely an extraordinary power, and still more extraordinary when security may be required and imprisonment imposed for a failure to give it."

And it was held in that case that sureties could not be required because the statute did not expressly so declare. The fact that our statute provides for a hearing does not, in view of the other provisions above

adverted to, render the power attempted to be conferred thereby, less extraordinary.

No authority has been presented, either in this state or elsewhere, which holds that such a statute as section 618b of the Criminal Code is constitutional, and I shall, therefore, hold that it is an unwarrantable interference with the liberty of the individual, and hence unconstitutional. The case of *Matter of Petrie,* 1 Kan. Ct. of App. 184, involved a statute which required sureties only where there was reason to believe that the attendance of the witness could not otherwise be secured.

There is also another ground on which the relators should be released; and that is that no *proof* was produced before the county judge, so far as the record before me shows, that the relators were necessary and material witnesses. The only attempt at such proof is found in the affidavit made in the case of each relator by Joseph R. Cummings, acting chief clerk in the district attorney's office. The material part of the affidavit in the case of David Maloney, which may be taken as an example of all, reads as follows: " I am informed and believe, the source of my information being statements made to me by Detective James Cunningham, of the N. Y. Police Department, and therefore say that David Maloney, who is in the State of New York, was present at the time of the commission of the said alleged crime, and is a material and necessary witness for the People herein."

That this falls far short of " proof " is too plain to need argument or the citation of authorities. It is necessary only to refer to the universal construction of somewhat similar requirements in the case of provisional remedies and other forms of relief in civil actions.

I think, therefore, that even if the statute be consti-

tutional the county judge was without jurisdiction to proceed thereunder on any such flimsy evidence as he had before him.

Writ sustained and relators discharged **from** custody.