THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROSE BRUNO, Relator, *v.* ARTHUR MAUDLIN, Sheriff of Westchester County, New York, Respondent.

Supreme Court, Westchester Special Term, November 15, 1924.

Crimes — detention of material witness, in default of bail, under warrant of commitment pursuant to Code of Criminal Procedure, § 618b — Code of Criminal Procedure, § 618b, is constitutional — warrant of commitment valid on face — habeas corpus proceeding dismissed.

Section 618b of the Code of Criminal Procedure providing for the commitment of a necessary and material witness in a criminal case, in default of bail, is constitutional.

Accordingly, a writ of habeas corpus, sued out by the relator, held under a warrant of commitment issued pursuant to said section, should be dismissed, since the warrant is valid on its face and the minutes of the hearing before the court issuing it disclosed facts warranting the detention of the relator.

HABEAS CORPUS proceeding.

Rose Bruno, the relator, was held in default of bail, by the sheriff of the county of Westchester, under a warrant of commitment

issued by the county judge of Westchester county, under section 618b of the Code of Criminal Procedure. She sued out a writ of habeas corpus to inquire into the cause of the detention, claiming that the said section of the Code of Criminal Procedure is unconstitutional. The sheriff made return that he held her under the said warrant of commitment so issued by the county judge. The evidence taken on the hearing in pursuance of section 618b was also returned and was before the court upon the hearing had upon the writ of habeas corpus.

*Maurice A. Zuckert,* for the relator.

*Arthur Rowland,* district attorney, for the respondent.

TAYLOR, J. The authority holding unconstitutional section 618b of the Code of Criminal Procedure (*People ex rel. Maloney* v. *Sheriff,* 117 Misc. Rep. 421) is in effect overruled by the determination of the Appellate Division, first department, in a case in which no opinion was handed down. See cases and points in *People ex rel. Farina* v. *Wallis,* 208 App. Div. 720. Therefore, the statute in question is constitutional. The warrant of commitment is, therefore, valid on its face. The stenographer's minutes of the hearing before the learned county judge show facts before him warranting his determination resulting in the commitment.

Writ of habeas corpus is dismissed and said Rose Bruno is remanded to the custody of the sheriff.