In the Matter of the Application for the Detention of STEPHEN PRESTIGIACOMO, as a Necessary and Material Witness in a Criminal Action Entitled: THE PEOPLE OF THE STATE OF NEW YORK v. JOHN DOE.

STEPHEN PRESTIGIACOMO, Appellant; THE PEOPLE OF THE STATE OF NEW YORK, Respondent.

Fourth Department, January 21, 1932.

Chester J. Winslow [James P. O'Donnell of counsel], for the appellant.

Carl W. Peterson, District Attorney, for the respondent.

PER CURIAM. The appeal is from two orders made in a special proceeding in the nature of an attachment under section 618-b of the Code of Criminal Procedure.

Whether constitutional (cf. People ex rel. Farina v. Wallis, 208 App. Div. 720) or not (cf. People ex rel. Maloney v. Sheriff, 117 Misc. 421), about which we express no opinion, the statute is harsh and carries interference with personal liberty to an extreme limit. Strict compliance with its provisions should be exacted. Its use for purposes plainly beyond its scope should not be permitted.

When the order of November 23, 1931, was made, the only " proceeding pending in any of the courts of this State " was the John Doe proceeding. It was, therefore, in that proceeding only that appellant could be put under bond to appear and testify. But the order required an undertaking not only to appear and testify in that case, but also to appear and testify before a grand jury of Herkimer county. On December 2, 1931, when appellant moved in the alternative to vacate the order of November 23, 1931, or to have the amount of bail reduced, there was no proof before the county judge that the John Doe proceeding was still pending. Ample time had elapsed for the examination of appellant in that matter, and there was not even a pretense that his testimony was desired except before some future grand jury, in the event of an inquiry before that body. The only conclusion to be drawn from a consideration of the record before us is that when the orders appealed from were made the authorities were not in possession of evidence sufficient to warrant either a direct charge against appellant or a presentation of the case to a grand jury. It was, however, deemed necessary to hold appellant. The John Doe proceeding was, therefore used as a device by which resort to section 618-b might be had. Although appellant, so far as the record shows, had made no attempt or even threat to avoid his public duty to give testimony if called upon, but had remained at home pursuing his ordinary vocation as a laborer subsequent to October 12, 1931, when the crime was committed, he was on November 21, 1931, taken into custody under the order of attachment and on November 23, 1931, was ordered to give an undertaking in the prohibitive sum of $100,000 to appear and testify before a grand jury at some indefinite future time, or in default thereof to stand committed to the county jail. He

is still in jail. We are of the opinion that section 618-b of the Code of Criminal Procedure affords no authority for what has been done.

The order made on December 2, 1931, denying the motion to vacate the order of November 23, 1931, should be reversed on the law and the facts and the motion granted and appellant ordered to be released.

All concur. Present — SEARS, P. J., CROUCH, EDGCOMB, THOMPSON and CROSBY, JJ.

Order denying motion to vacate reversed on the law and facts, motion granted and appellant released.