In the Matter of the Application for an Order Committing PAUL H. WENDEL as a Material Witness Nunc Pro Tunc as of the 18th Day of April, 1936.

Supreme Court, Special Term, Kings County, January 12, 1940.

*Robert Aronstein,* for the petitioner.

*William C. Chanler, Corporation Counsel* [*Thomas W. A. Crowe* of counsel], for the respondent.

FROESSEL, J.   On April 18, 1936, Paul H. Wendel, the petitioner herein, was registered in the Towers Hotel, Brooklyn, N. Y., by the district attorney of Kings county, in connection with a criminal action entitled " People v. Bleefeld, et al.," growing out of events following the murder of Charles A. Lindberg, Jr., in which action the defendants were charged with kidnapping petitioner.   He was maintained in this hotel for a period of 892 days, ending September 27, 1938, and costing the city of New York the sum of $11,444.55.

Petitioner now applies to this court for an order pursuant to section 618-b of the Code of Criminal Procedure committing him as a material witness *nunc pro tunc* as of April 18, 1936, and for compensation.   He has filed a claim with the comptroller of the city of New York for the sum of $2,676, alleged to be due him as witness fees for said period at the rate of three dollars per day, payment of which claim has been refused.   In connection with said claim the comptroller points out that when petitioner was examined in the office of the department of investigation on November 1, 1938, he testified under oath to a conversation he had with an assistant district attorney relative to making himself available as a witness.   According to said examination, the following ensued:

" He [the assistant district attorney] said — ' There are two ways. There is a civil prison, we give you $3.00 a day, and if we put you in a hotel, I don't suppose you will want anything if you stay over there.'

" I said — ' For myself, no, but I want to live according to my station in life.' "

It further appears that Wendel was the complaining witness in this case and " was at all times ready and willing to aid the State."

The comptroller opposes this application upon three grounds: (1) That this court is without power to make the order, *nunc pro tunc,* here sought; (2) that under the circumstances existing in April, 1936, the petitioner could not have been validly committed as a material witness under section 618-b of the Code of Criminal Procedure; and (3) that in any event, petitioner waived his claim.

I am of the opinion that this application must be denied upon the law as well as upon the facts.   Before a witness may be committed under said section 618-b the following situation must exist: (1) A proceeding must be instituted; (2) a judge of a court of record *must be satisfied* by proof on oath that the person is a necessary and material witness; (3) an opportunity must be given such person to be heard in opposition; (4) an opportunity must be given to furnish a written undertaking to appear and testify; (5) petitioner must neglect or refuse to comply with the court's order.   None of these steps was taken; in fact, no proceeding was instituted and no

ruling was made. Under the circumstances, this court is without power to grant a *nunc pro tunc* order. While such an order may be made to correct irregularities or to manifest the existence of a prior determination, " it cannot record a fact as of a prior date when the fact did not then exist." (*Merrick* v. *Merrick*, 266 N. Y. 120, 122.) Nor is there any certainty that if the proceeding had been instituted the order would have been made (*Matter of Prestigiacomo*, 234 App. Div. 300), or that an undertaking, if ordered, would not have been furnished. Moreover, it clearly appears that petitioner " after having fully discussed the facts " with the district attorney on April 18, 1936, voluntarily chose the maintenance he thereafter received, which was given him for his own protection, rather than go to a civil prison. Under all the circumstances, the application is denied.