The People of the State of New York, Respondent, v. Rudolph Blumberg, Appellant.— Judgment of the Court of Special Sessions of the City of New York, Borough of Queens [County of Queens], convicting the defendant of violating section 1140 of the Penal Law (exposure of person), reversed on the law and the facts, information dismissed and defendant discharged. In our opinion the defendant's guilt was not established beyond a reasonable doubt. Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ., concur.

The People of the State of New York, Respondent, v. Christian De Neergaard, Appellant.— Judgment of the Court of Special Sessions of the City of New York, Borough of Queens [County of Queens], convicting the defendant of the crime of assault in the third degree, unanimously affirmed. No opinion. Present — Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ.

The People of the State of New York, Respondent, v. John Doe, Defendant, Re: Monroe Rubenstein, Material Witness, Appellant.— Appeal from order of the County Court of Kings County, granted pursuant to the provisions of section 618-b of the Code of Criminal Procedure, dismissed on the ground that the order is not appealable. (People v. Reed, 276 N. Y. 5.) Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ., concur.

The People of the State of New York, Respondent, v. Ideal Cake Company, Appellant. The People of the State of New York, Respondent, v. Harry Grossman, Appellant.— Appeal from judgment of Court of Special Sessions of the City of New York, Borough of Brooklyn [County of Kings], convicting defendants of a violation of section 435-c of the Penal Law (fraudulent identification of food products). Judgment unanimously affirmed. No opinion. Present — Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ.

The People of the State of New York, Respondent, v. Daniel Johnson, Appellant.— Judgment of the County Court of Kings County, convicting the defendant of the crimes of sodomy and assault in the third degree, with an indeterminate sentence of not less than ten and not more than twenty years for the crime of sodomy, and a suspension of sentence for the crime of assault in the third degree, reversed on the law and the facts, and a new trial ordered. The evidence amply establishes that the defendant was guilty of some grade of crime with respect to the occurrences in which he and the complainant were involved. There was, however, a close question of fact as to whether he was guilty of the serious crime of sodomy. In view of the state of the proof as to this offense, it was prejudicial error for the trial court on several occasions inaccurately to observe that the complainant's prior contradictory testimony on the magistrate's hearing was not inconsistent with her testimony on this trial and thus minimize the effect of the contradictory character of the prior evidence. It was likewise prejudicial error for the trial court, in connection with those erroneous observations, to restrict unduly the cross-examination of the complaining witness as to her prior contradictory testimony. Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ., concur.