THE PEOPLE OF THE STATE OF NEW YORK on the Complaint of ————————, Respondent, *v.* JOHN DOE and RICHARD ROE, Defendants.

JACOB BERNOFF, Alleged Material Witness, Appellant.

First Department, March 21, 1941.

*Joseph E. Brill,* for the appellant.

*Whitman Knapp, Deputy Assistant District Attorney,* of counsel [*Thomas E. Dewey, District Attorney*], for the respondent.

MARTIN, P. J.   The appellant has appealed from an order directing him to furnish security in the sum of $50,000 for his appearance as a witness or be committed to the House for the Detention of Witnesses.   This order was entered pursuant to the provisions of section 618-b of the Code of Criminal Procedure.   It is an order of a judge of the Court of General Sessions and is in an action entitled, " People of the State of New York on the Complaint of ———————— against John Doe and Richard Roe."   It recites that the action referred to in the moving affidavit is " now pending in this court."   It does not appear that any question was raised as to the pendency of the action at the time the order was signed. The order, therefore, is an order in a criminal action.

The right to appeal therefrom must be found in the Code of Criminal Procedure.   In *People* v. *Reed* (276 N. Y. 5) the Court of Appeals pointed out that the right to appeal is entirely a matter of statute, a matter of legislative control.   We find no provision for an appeal from an order entered in accordance with the provisions of section 618-b of the Code of Criminal Procedure.

The Appellate Division in the Second Department in *People* v. *Doe* (*Re Rubenstein*) (259 App. Div. 921) and *People* v. *Doe* (*Re Workman*) (Id. 1027) has specifically held that such an order is not appealable.   With this conclusion we are in accord.

The order appealed from herein states:

" It appearing to my satisfaction, upon the within affidavit that ———————— [presumably Jacob Bernoff] is a necessary and material witness for the People in the action therein referred to now pending in this Court   *   *   *.

" IT IS HEREBY ORDERED that the said Jacob Bernoff, etc., enter into a written undertaking with good and sufficient sureties in the sum of Fifty Thousand Dollars for his appearance as a witness against the said defendant   *   *   *."

The affidavit referred to is an affidavit of an assistant district attorney of New York county.   It reveals the difficulty that the

district attorney has had in apprehending Bernoff who has a criminal record and who has been intimately associated with an alleged widespread " racket " in the milk industry beginning in the year 1935 and extending to the present day. This affidavit is entitled " Court of General Sessions in and for the County of New York. Offense — Extortion and Conspiracy. People of the State of New York on the Complaint of ——————— against John Doe and Richard Roe."

Section 618-b of the Code of Criminal Procedure provides: "Whenever a judge of a court of record in this State is satisfied, by proof on oath, that a person residing or being in this State is a necessary and material witness for the People in a criminal action or proceeding pending in any of the courts of this State, he may * * * order such person to enter into a written undertaking * * *."

The requisite fact which must be present before an individual may be held in bail as a necessary and material witness for the People is that a criminal action or proceeding is pending in some court of this State. In the absence of such a fact, the fixing of bail and the alternative imprisonment are without warrant in law. Jurisdiction to hold an individual who is not accused of any crime and who is not a material witness in any criminal action pending in any court of the State, is not granted under the laws and Constitution of this State to any man or any court. An order holding any person under those conditions is without authority and amounts to an imprisonment which can be and should be corrected by a habeas corpus order.

Appeals are decided on the record which is submitted. Were the order appealable, on the record before us the order would have to be affirmed. There is nothing to show that no criminal action or proceeding is pending. To find the alleged error, one must consult the briefs and the statements therein which cannot be supported, as is required, by folio number or by reference to any proceedings taken before the judge at General Sessions. This is enough to establish the lack of utility in permitting an appeal from this type of order. The order would necessarily have to be affirmed if it were considered on the merits shown by the record. Such a result would leave the fundamental question of the jurisdiction of the justice to make the order to be considered at some other place on a writ of habeas corpus.

The Appellate Division in the Fourth Department considered appeals from orders which were entered denying motions to vacate commitment orders similar to the commitment order under review. (*Matter of Prestigiacomo,* 234 App. Div. 300; *Matter of DiPiazzi,* Id. 302.) The record on a motion to vacate a commitment order

would show the error. The Fourth Department had such records on which it reached the conclusion that the County Court judge had exceeded his authority in fixing bail to hold witnesses when there was no criminal proceeding pending in any court of the State. The question whether such orders, namely, denials of motions to vacate commitment orders, were appealable was urged before the justices of the Fourth Department and they decided that such orders were appealable. It is unnecessary to consider the merits of that decision for the reason that the record before us does not present a similar order or the same question.

If such an order as the present one were treated as appealable and if the record contained the necessary facts to show its irregularity and illegality, the time necessary to print a record, perfect an appeal and argue the case before an appellate court would defeat in most cases the right which the appellant was attempting to assert. There are times when appellate courts are necessarily in recess. There are also many difficulties preventing prisoners of limited means from promptly printing a record, assuming that the record would establish reversible error. Meanwhile the illegal imprisonment continues and the constitutional guaranties of the individual are being reduced to a nullity. In short, the right of appeal even from an order denying a motion to vacate an irregular commitment is a right which in most cases would not result in an adequate remedy because the imprisonment would continue until the determination of the appeal.

On the other hand, a habeas corpus order gives a prompt remedy and an adequate protection forthwith. As pointed out in *People ex rel. Ditchik* v. *Sheriff of County of Kings* (171 Misc. 248): " The statute provides for a hearing. The court may retain control of the situation by the form of the order. There is no definite commitment for a term. At any time an inquiry as to the detention may be instigated by the court. The judge before whom the application is made must be ' satisfied ' with the proof. Those are protective features of the law against ' oppressive use of the power.' The writ of habeas corpus, sued out again and again if necessary, is always available, and the hearing of that application may be had before a different judge each time. The safeguards that surround the statute brook no untoward abuses and permit no oppressive measures. * * *."

It is necessary, in view of the dissenting opinion, to state that a proceeding to hold an individual as a material witness when it is founded on a case actually pending is not civil in character. It is a proceeding authorized by the Code of Criminal Procedure. Its title meets the exception set forth in section 6 of the Civil Practice

Act and the definition contained in section 6 of the Code of Criminal Procedure. There is not the slightest reason to assume that the framers of the Civil Practice Act had any idea that a proceeding under section 618-b would be deemed a special proceeding within the meaning of that act. The Civil Practice Act was passed by chapter 925 of the Laws of 1920. The Code of Criminal Procedure has been in existence since 1881. Section 618-b was first passed by chapter 437 of the Laws of 1904, and amended to its present form as of September 1, 1915 (Laws of 1915, chap. 566). Furthermore, an order fixing bail is not a final order. This court recently held that such orders are not appealable. The court said that in so far as such orders violate constitutional guaranties against excessive bail, relief may be granted under a writ of habeas corpus. (See *People ex rel. Deliz* v. *Warden of City Prison,* 260 App. Div. 155.)

If part of such an order is to be so considered, the whole of it should be, if for no other reason than that the practice should be uniform and that an individual may know his rights.

The appeal should be dismissed.

TOWNLEY and GLENNON, JJ., concur; O'MALLEY and UNTERMYER, JJ., dissent.

UNTERMYER, J. (dissenting). The statute (Code Crim. Proc. § 618-b) under which the appellant, an alleged material witness, has been required to furnish security of $50,000 for his appearance or be committed to the House for the Detention of Witnesses, provides in part as follows: " Whenever a judge of a court of record in this State is satisfied, by proof on oath, that a person residing or being in this State is a necessary and material witness for the People in a criminal action or proceeding pending in any of the courts of this State, he may, after an opportunity has been given to such person to appear before such judge and be heard in opposition thereto, order such person to enter into a written undertaking, with such sureties and in such sum as he may deem proper, to the effect that he will appear and testify at the court in which such action or proceeding may be heard or tried, and upon his neglect or refusal to comply with the order for that purpose, the judge must commit him to such place, other than a State prison, as he may deem proper, until he comply or be legally discharged." The affidavit of the assistant district attorney on which the order was made does not allege the pendency of any " criminal action or proceeding " but only that the office of the district attorney has, without success, attempted to locate the appellant and that it is believed that he " will not appear to testify when required." The significance of this omission is revealed by a statement to the court by the assistant

district attorney on the hearing of the application that the appellant is required " as a material and necessary witness in an investigation now pending in the district attorney's office," and by the further statement by the court that the appellant " is a material witness in connection with this investigation by the district attorney."

If the order which requires the appellant to furnish an undertaking of $50,000 or be committed to the House for the Detention of Witnesses is appealable, then it would seem that it must inevitably be reversed, for the statute does not authorize, and I venture to hope will never authorize, the incarceration of witnesses during an investigation by the district attorney, since such an investigation, however protracted it may be, may not disclose the existence of any crime and may never result in criminal proceedings in which the testimony of the witness is material. (*Matter of Prestigiacomo*, 234 App. Div. 300.)

The question now, however, is not the propriety of the order, but whether this court may entertain and consider the appeal. It is my understanding that the theory on which the appeal is to be dismissed is that it constitutes an appeal from an intermediate order in a criminal action and that the Code of Criminal Procedure (§§ 517–520) permits " an intermediate order or proceeding forming a part of the judgment roll " to be reviewed only on appeal from the " judgment on a conviction."

In my opinion the proceeding in which this order was made is not a criminal proceeding, nor is it an intermediate order which could be reviewed on appeal from a final judgment. It is a final order in a special proceeding (General Construction Law, § 46-a) and as such is made appealable by subdivision 2 of section 631 of the Civil Practice Act. That it is a final order is evident from the fact that so far as the appellant is concerned it constitutes a final determination that he must furnish a bond or be committed to the House for the Detention of Witnesses. No further proceedings are necessary for a complete adjudication of the only issue presented for determination to the court below.

The proceeding is not maintained in any criminal action, even if such an action were pending in some court, for the controversy is exclusively between the People and a party who is not charged with any crime. The witness is not concerned with the determination of the criminal action in which his testimony is required. The defendant in the criminal action is not a party to the proceeding in which the witness is directed to furnish a bond for his appearance or in the alternative be imprisoned, and was not entitled to notice of that proceeding. The defendant in the criminal action could not appeal from the order which directs the witness to furnish such an

undertaking, and, conversely, the witness could not appeal from any judgment of conviction in the criminal action nor on such an appeal could he review, under section 517 of the Code of Criminal Procedure, the order under consideration here. It follows that if the appellant cannot appeal at this time from the order which directs him to furnish security or be incarcerated then no appeal from that order can ever be entertained.

The circumstance that the provisions under which the order was made are found in the Code of Criminal Procedure (§ 618-b) is not decisive, for we know that proceedings of a civil nature are often authorized by our Penal Law (Compare Penal Law, § 964) and are appealable. (*Matter of Julius Restaurant* v. *Lombardi*, 282 N. Y. 126.) (Compare, also, Penal Law, § 2210; *Matter of Scheck*, 172 Misc. 236.) Nor is the circumstance that the proceeding was instituted in the Court of General Sessions decisive for by the express terms of the statute (§ 618-b) it could have been entertained by a judge of any court of record. What is decisive is the nature of the proceeding and whether it is criminal in character. In that connection I repeat, for emphasis, that the witness was not charged with any crime and that the only purpose of the proceeding was to secure his appearance at the trial by requiring him to furnish an undertaking to that effect.

" Actions " are defined by section 4 of the Civil Practice Act as follows: " Actions are of two kinds, civil and criminal. The word ' action,' when applied to judicial proceedings, signifies an ordinary prosecution in a court of justice by a party against another party for the enforcement or protection of a right, the redress or prevention of a wrong or the punishment of a public offense."

Every action is a " civil " action " except when prosecuted in the name of the People of the State of New York, as plaintiffs *against a party charged with crime.*" (Civ. Prac. Act, § 6; General Construction Law, § 16-a.) (Italics mine.)

An action is a " criminal " action only when " prosecuted in the name of the People of the State of New York, as plaintiffs, *against a party charged with crime.*" (Code Crim. Proc. § 6; General Construction Law, § 18-a.) (Italics mine.)

Since the appellant is not charged with the commission of any crime and since the proceeding is not an intermediate order in any action, it is necessarily civil in character and final in effect. The pendency of the criminal action is merely the *occasion* for the special proceeding whereby a witness is required to furnish a bond to assure his appearance at the trial. It is evident, moreover, that the Legislature did not regard such a proceeding as criminal in character for it provided that it might be maintained

before any " judge of a court of record in this State," many of which have no criminal jurisdiction.

Although the Appellate Division of the Second Department appears to have held such orders not to be appealable (*People* v. *Doe* [*Rubenstien*], 259 App. Div. 921; *People* v. *Doe* [*Workman*], Id. 1027), the Appellate Division of the Fourth Department has held directly to the contrary (*Matter of Prestigiacomo, supra; Matter of Di Piazzi*, 234 App. Div. 302) in two cases where the briefs indicate that the question was directly presented. This court also in *Commonwealth of Massachusetts* v. *Klaus* (145 App. Div. 798) entertained an appeal from an order denying an application in a somewhat analogous proceeding instituted under former section 618-a of the Code of Criminal Procedure.

It is suggested that the appellant might secure complete relief by habeas corpus and by appeal from the order if the writ is dismissed. Even if this were true, it would not affect his right to appeal from the order, if that right exists, for the two remedies are not mutually exclusive. (Compare *People ex rel. Stabile* v. *Warden, etc.*, 202 N. Y. 138.) It is indeed true that inability to review the determination by appeal has often been suggested as a reason for allowing habeas corpus to be maintained. (*People ex rel. Stabile* v. *Warden, etc., supra; Riggins* v. *United States*, 199 U. S 547.) But I think it has never been suggested that the existence of the right to maintain habeas corpus deprives a party of a right of appeal which would otherwise exist. Will it be contended, for instance, that a defendant, though convicted by a court which is without color of jurisdiction, may not appeal from the judgment of conviction because he might perhaps be liberated on habeas corpus? But a writ of habeas corpus would not afford complete relief under the circumstances of the present case, for to maintain the writ it would be necessary that the witness first submit to the humiliation of imprisonment. (Civ. Prac. Act, § 1234, subd. 1.) Upon the hearing of such a writ, only the question of jurisdiction would be available to him. (*People ex rel. Scharff* v. *Frost*, 198 N. Y. 110; Civ. Prac. Act, § 1231, subd. 2; § 1234, subd. 2; § 1253.) " Except in rare cases where the facts before the court cannot be materially changed, qualified or explained the determination of important issues ought not to be made in a habeas corpus proceeding, as it is not calculated to thoroughly develop the facts as in the case when a regular trial is had, witnesses examined and cross-examined, alleged errors reviewed on appeal and counsel present throughout." (*People ex rel. Collins* v. *McLaughlin*, 194 N. Y. 556.) If the materiality of the testimony of the witness or his availability at the trial are controverted at

all, the writ of habeas corpus would not afford relief. (*People ex rel. Holt* v. *Lambert*, 237 App. Div. 39; affd., 262 N. Y. 511.) Let it be supposed for instance that, in opposition to the affidavit of the assistant district attorney to the effect that the witness was present when the acts now under investigation were committed, the witness had submitted convincing proof that he was elsewhere or that he had established by overwhelming evidence that he would be available as a witness at the trial. Nevertheless these issues of fact, no matter how conclusively established in favor of the witness, could not be considered on habeas corpus. Such issues could, however, be considered on appeal from the order and the determination corrected if found not to be adequately sustained by the proof. I fail to understand, therefore, on what theory it can be held that the statute (§ 618-b) which provides that a bond may be required to be furnished by a material witness " after an opportunity has been given to such person to appear before such judge and be heard in opposition thereto " does not provide an opportunity fully to develop the facts so that they may be reviewed by appeal.

It is said that these proceedings were maintained in a criminal action because the caption so indicates. The proceedings should have been entitled " In the Matter of the Application for the Detention of Jacob Bernoff as a Necessary and Material Witness in a Criminal Action Entitled: *The People of the State of New York* against *John Doe*," as was done in *Matter of Prestigiacomo (supra)* and in *Matter of Di Piazzi (supra)*. This is necessarily true not only for the reasons previously stated but also because the proceeding for the detention of the witness might, under the statute, be instituted in a court different from the court which has jurisdiction of the criminal offense. The district attorney could not by incorrectly describing the proceeding as in a criminal action, change its character or abridge any right of the witness to appeal.

I dissent from the dismissal of the appeal and vote to consider the appeal on the merits.

O'MALLEY, J., concurs.

Appeal dismissed.