WALTER A. MACAULEY, Appellant, v. BARR & LANE, INC., YONKERS HOISTING CORP., HERNANDEZ CONTRACTING CO., INC., WIELANDT CONSTRUCTION COMPANY, INC., and NEW YORK SCHOOL FOR THE DEAF, Respondents.— Plaintiff, an employee of a subcontractor, fell when about to ascend a ladder which was generally used as a means of access to a building under construction. The defendants are the owner, its agent and builder, and subcontractors, one of whom erected the ladder. Judgment dismissing the complaint unanimously affirmed, with costs to respondents Hernandez Contracting Co., Inc., Wielandt Construction Company, Inc., and one bill of costs to respondent Barr & Lane, Inc., and New York School for the Deaf. The ladder had been used by plaintiff and other workmen as a means of access for eight or ten days prior to the happening of the accident. There had been no indication, during this time, that it was in any way unsafe. Plaintiff found it secure at all times prior to the accident. It was secure fifteen minutes before the accident occurred, when he used it to descend. It was then firmly placed and firmly fixed. There was no showing that the ladder was in any way defective. The only inference which may be drawn is that within the period of fifteen minutes prior to the happening of the accident, the ladder had been taken out of position so that its lower ends were not evenly placed or its top was not flush against the side of the building, or both. Under such circumstances there is no actionable negligence in the absence of notice. (*Dougherty* v. *Weeks & Son*, 126 App. Div. 786; *Wynn* v. *Carlin*, 135 id. 795.) Present — Lazansky, P. J., Hagarty, Johnston, Adel and Close, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. FRANK ABBANDANDO and MAX GOLOB, Defendants. Re: LOUIS MAIONE, Material Witness, Respondent.— Appeal by the People from an order of the County Court, Kings County, in so far as it fixes compensation of respondent, as a material witness, under section 618-b of the Code of Criminal Procedure, during the time of his detention. Appeal dismissed. (Code Crim. Proc. § 518; *People* v. *Reed*, 276 N. Y. 5; *People* v. *John Doe* [*Rubenstein*], 259 App. Div. 921; *People* v. *John Doe* [*Workman*], Id. 1027.) Lazansky, P. J., Carswell, Johnston, Adel and Taylor, JJ., concur. [See *post*, p. 920, amdg. decision.]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDWARD FRANKOLA, Appellant.— Appeal by defendant from a judgment of the Court of Special Sessions of the City of New York, Borough of Brooklyn [County of Kings], convicting him of assault in the third degree. Judgment of conviction amended by adding the words " of assault in the third degree " after the words " and convicted " in the clerk's minutes and in the extract therefrom. As thus amended, the judgment is unanimously affirmed. (Code Crim. Proc. § 543; *People* v. *Bradner*, 107 N. Y. 1, 11, 12.) The information charged assault in the third degree. Its language described that offense, and the clerk's certification of the judgment roll showed that defendant was convicted of that offense. The court had jurisdiction. The questions of fact as to whether the offense was criminal and as to the weight of the evidence were for the triers of the facts, and their findings have ample support in the evidence. Appeal from sentence dismissed. No appeal lies from the sentence, which is an integral part of the judgment of conviction. Present — Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ.