THE PEOPLE OF THE STATE OF NEW YORK ex rel. CARL SHAPIRO, Relator-Respondent and Appellant, v. KEEPER OF THE CITY PRISON (Tombs, New York County).

THE PEOPLE OF THE STATE OF NEW YORK, Appellant and Respondent.

First Department, February 11, 1943.

*Stanley H. Fuld* of counsel (*Charles H. McHugh* with him on the brief; *Frank S. Hogan, District Attorney*), for appellant-respondent.

*I. Maurice Wormser* of counsel (*Charles Tolleris* and *Irving R. Kass* with him on the brief; *Tolleris, Kass & Tolleris,* attorneys), for relator.

DORE, J. The important issues here presented are whether denial of bail, after indictment and before trial, by the Court of General Sessions must be deemed a final determination not subject to any examination by the Supreme Court on a writ of habeas corpus, and whether such denial of bail is necessarily excessive bail forbidden by the State Constitution.

Jacob Shapiro was indicted in New York county in 1937 for the crime of extortion and attempted extortion and again indicted in 1940, charged with the crime of extortion. After such indictments and before trial he was arraigned on December 17, 1942, in the Court of General Sessions. An application to fix bail in his behalf was denied by that court on the ground of the prisoner's criminal record which showed that, if convicted on the pending charges, he would be a fourth offender subject to a sentence of life imprisonment, and on the further ground that he had not been available when the first indictment was found, and that he " absconded at that time, and later surrendered to the Federal authorities for the purpose of not being prosecuted " in the Court of General Sessions. Relator then obtained the writ of habeas corpus in the Supreme Court. After a hearing, that court, Special Term, Part II, discharged Shapiro conditioned on his giving $100,000 bail.

Relator, petitioner for the writ of habeas corpus, appeals from so much of the order as fixes bail in the sum of $100,000 on the ground that such sum is excessive; the People appeal from so much of the order as directs the prisoner's discharge from custody on giving bail. Execution of the order appealed from so far as it directs the prisoner's discharge has been stayed by this court until determination of the appeals and further order of this court.

The People contend that the prior determination of the Court of General Sessions denying bail was final and, if not final, could properly be changed only if there had been an abuse of discretion, and in any event contend that a writ of habeas corpus does not lie.

Relator contends that the duly appointed Special Term, Part II, of the Supreme Court had power and jurisdiction to admit the prisoner to bail in a prosecution pending in the Court of General Sessions although a judge of that court had previously denied bail; that the constitutional prohibition against excessive bail necessarily excludes denial of all bail; and that while the discretion of the Supreme Court to admit to bail was properly exercised, the bail fixed in the sum of $100,000 was excessive and should be reduced.

The final order of the Supreme Court, made upon the return of the writ, discharging the prisoner on his giving bail was appealable by the People and by the relator. (Civ. Prac. Act, §§ 1274, 1275; *People ex rel. Hubert* v. *Kaiser,* 150 App. Div. 541, 545 [First Dept.], affd. 206 N. Y. 46, 54.)

Article 1, section 5, New York State Constitution, provides "Excessive bail shall not be required * * *."

The Code of Criminal Procedure provides:

"§ 553. In what cases defendant may be admitted to bail before conviction.

If the charge be for any crime other than as specified in section five hundred and fifty-two he may be admitted to bail, before conviction as follows:

1. As a matter of right, in cases of misdemeanor;

2. As a matter of discretion, in all other cases; the court may revoke bail at any time where such bail is discretionary with the court." (As amd. L. 1926, ch. 419, § 3; L. 1938, ch. 445, eff. April 4, 1938.)

Section 552, "Offenses not bailable," provides that a defendant cannot be admitted to bail either before or after indictment except by a justice of the Supreme Court or by a judge of the Court of General Sessions, or of a county court, where the defendant is charged (1) with a crime punishable by death, (2) with the infliction of fatal injury upon another, so that if death ensues the crime would be murder, (3) with a felony or with certain misdemeanors or offenses specified in that section, and it appears that the defendant has been previously convicted of a felony or twice convicted of the specified misdemeanors or offenses.

The Code of Criminal Procedure further provides: "§ 566. [Decision final.] The decision of the judge presiding in the court in which the crime is triable, granting or denying bail, is final, except as provided in section 563." (On this appeal § 563 is irrelevant.)

Section 566, above quoted, relied on by the People to show that denial of bail by the Court of General Sessions was final, appears under article II, "Bail, upon Being Held to Answer, Before Indictment." That section is not here controlling where the issues arise after indictment but before conviction. In any event the Code of Criminal Procedure, "Title III. Of The Supreme Court," provides:

"§ 22. Its jurisdiction.—

The supreme court has jurisdiction:

1. * * *

2. * * *

3. To deliver the jails of the county, or city and county, according to law, of all prisoners therein.

* * *

8. To let to bail any person committed, before and after indictment found upon any criminal charge whatever." That

section was derived from the Revised Statutes (part 3, ch. 1, tit. 4, §§ 29, 30, 31; L. 1847, ch. 280, § 43; amd., L. 1882, ch. 360, § 1; L. 1895, ch. 880, § 1; eff. Jan. 1, 1896.)

In *People ex rel. McManus* v. *Warden of City Prison* (226 App. Div. 364) this court overruled a contention that the Supreme Court was without power to grant bail in a prosecution pending in the Court of General Sessions when that court was in session, and held that such contention ignored the provisions of section 22, and that the prisoner's application to the Supreme Court for a writ of habeas corpus was proper.

In the recent case of *People ex rel. Deliz* v. *Warden, etc.* (260 App. Div. 155) this court rejected the People's contention that once bail has been fixed by a judge in the Court of General Sessions no further proceedings could be taken by way of habeas corpus, and said: "Section 566 * * * makes final a decision of a judge fixing bail so far as any review by appeal is concerned. It does not and could not deprive a defendant of the constitutional protection against being held in excessive bail. When that situation appears, relief may be granted by the Supreme Court under a writ of habeas corpus. The relief is granted not as a review of a prior determination fixing bail but in protection of the defendant's constitutional rights." Appeals are decided on the record made in the court from which an appeal is taken. On the hearing under a writ of habeas corpus, the Supreme Court is not restricted to the facts adduced before the Court of General Sessions, but new and additional facts may be adduced to enable the court properly to exercise its power and discretion.

An order fixing bail is not a final order and is not appealable. (*People* v. *John Doe* [*Re Bernoff*], 261 App Div. 504, 508.) If the People's contention is sound, the determination of a single judge in the Court of General Sessions denying bail is not only not appealable but may not be examined by the Supreme Court even upon a writ of habeas corpus. The plenary jurisdiction of the Supreme Court in connection with the writ of habeas corpus cannot and should not be thus limited and restricted. In *People ex rel. Tweed* v. *Liscomb* (60 N. Y. 559, 565) the Court of Appeals, discussing the office and effect of the writ of habeas corpus under our system of jurisprudence, said: "Relief from illegal imprisonment by means of this remedial writ is not the creature of any statute. * * * It was in use before *magna charta*, * * * and exists as a part of the common law of the State. * * *

"Whenever the virtue and applicability of the writ have been attacked or impugned, it has been defended, and its

vigor and efficiency reasserted, as the great bulwark of liberty. * * * This writ cannot be abrogated, or its efficiency curtailed, by legislative action. Cases within the relief afforded by it at common law cannot, until the people voluntarily surrender the right to this, the greatest of all writs, by an amendment of the organic law, be placed beyond its reach and remedial action. The privilege of the writ cannot even be temporarily suspended, except for the safety of the State, in cases of rebellion or invasion. (Const., art. 1, § 4.)'' Under its plenary jurisdiction as well as under the express provisions of section 22, Code of Criminal Procedure, we hold that the Supreme Court had jurisdiction although the Court of General Sessions had previously denied bail.

We also hold, however, that the Special Term erred in ruling that neither the Court of General Sessions nor the Supreme Court had power to deny bail in any except capital cases. Section 553, above quoted, expressly provides that while bail is a matter of right in misdemeanor cases, it is a matter of discretion in all other cases before conviction, and '' the court may revoke bail at any time where such bail is discretionary with the court.'' The Special Term in its ruling necessarily held that section unconstitutional. This was error. Constitutions in most of the States provide that bail shall not be denied except in capital cases where proof of guilt is evident; where such constitutional provisions exist, bail is a matter of right in all cases but those specifically excepted; but in New York the right to bail is not thus guaranteed by the State Constitution, the only provision being that ''Excessive bail shall not be required * * *.'' (See American Law Institute, Code of Criminal Procedure, Official Draft, pp. 338 et seq.; 1 Am. & Eng. Ann. Cas., p. 12.) It is our conclusion that denial of bail in felony indictments before conviction under section 553 is not necessarily requiring excessive bail in contravention of article I, section 5, of the State Constitution.

In *People ex rel. Fraser* v. *Britt* (289 N. Y. 614) the Court of Appeals unanimously affirmed without opinion an order dismissing a writ of habeas corpus and denying bail to one imprisoned and held without bail under a second indictment on a charge of abortion and manslaughter, first degree. The record on appeal and briefs before the Court of Appeals in that case indicate that the sole issue raised was the claimed unconstitutionality of section 553, subdivision 2, granting discretion to deny bail in felony cases in alleged violation of the prohibition of the State and Federal Constitutions against excessive

bail; and the appellant contended that denial of all bail is necessarily the equivalent of requiring excessive bail. In unanimously affirming the order dismissing the writ, the Court of Appeals necessarily determined that no constitutional provision prohibited the court from refusing bail.

In *People ex rel. Rothensies* v. *Searles* (229 App. Div. 603), while the majority properly disapproved of the practice of instituting habeas corpus, compelling the district attorney to go to different parts of the judicial district, and reducing bail with no new facts presented and without regard to whether the bail was in fact excessive, nevertheless in its *Per Curiam* opinion the Third Department said: " No doubt the proper method of obtaining relief from excessive bail in either civil or criminal actions is by a writ of habeas corpus. * * * The theory is that the defendant * * * is unlawfully imprisoned. * * * The admission to bail in this case was a matter of discretion. (Code Crim. Proc. §§ 552, 553.) " While denial of bail is not *necessarily* excessive bail, it may be in a particular case the equivalent thereof; and accordingly on the return of the writ of habeas corpus after bail had been denied by the Court of General Sessions, the Supreme Court at Special Term had the power to examine and determine whether such denial was arbitrary and the equivalent of excessive bail.

The object of requiring bail after indictment and before trial is to secure the defendant's attendance to answer to the offense charged and abide the judgment of the court. The nature of the offenses charged, the penalty for such offenses, the criminal record of the accused, the probability of the accused appearing to answer the charge against him if released on bail, the forfeiture of other bonds by the accused, the fact that he was a fugitive from justice are all elements that may properly be taken into consideration. (See 72 A. L. R. 801 *et seq.*) In this case the record shows that in March, 1937, the United States Circuit Court of Appeals of the Second Circuit affirmed the conviction of the prisoner herein, Jacob Shapiro, under the Federal anti-trust laws; in June, 1937, he became a fugitive, his bail was declared forfeited and a bench warrant issued for his arrest; in September, 1937, he was indicted in New York county, charged in eleven separate counts with the crimes of extortion and attempted extortion; in 1938 he surrendered to the Federal authorities and served his time in a Federal penitentiary; and in June, 1940, he was again indicted in New York county on thirty-six counts charging extortion of a half million dollars from numerous individuals in the clothing industry with one Louis

Buchalter, alias Lepke, and others. Shapiro's criminal record is a long one, extending from 1915 to 1942; he had been previously convicted of felonies on three separate occasions; a conviction on but one count of either of the two indictments now pending against him will result in a mandatory sentence of a term of fifteen years to life. (Penal Law, § 852.) The facts before the court justified denial of bail in the exercise of a sound discretion, and accordingly the order appealed from in so far as it discharged the prisoner on giving bail must be reversed.

In view of that determination, relator's contention in his cross-appeal, that the bail as fixed was excessive, becomes academic and that appeal should be dismissed. The order so far as appealed from by the People should be reversed, the writ of habeas corpus dismissed, and the prisoner remanded to the custody of the keeper of the City Prison.

MARTIN, P. J. (concurring). I concur in the opinion of Mr. Justice DORE.

The judge of the Court of General Sessions properly exercised his authority in refusing to admit to bail Jacob Shapiro, the brother of the relator herein, and set forth in a written opinion cogent reasons for so doing.

The criminal record of the prisoner should have been sufficient, to warrant a refusal of bail. That record is as follows:

8-21-15  Burglary  Sentenced to Elmira Reformatory
3-26-18  Grand larceny  Sentenced to one year and two months in Sing Sing
6-26-19  Assault  Sentenced to the Penitentiary
7-21-22  Robbery (Gun). Final charge Sentenced to one Possession of Gun  year in Sing Sing
11-21-33  Anti-Trust Laws  Sentenced to two years in U. S. Penitentiary and fined $10,000
6-18-38  Anti-Trust Laws  Sentenced to three years in U. S. Penitentiary and fined $15,000.

In addition, in 1937, Jacob Shapiro was released on bail pending an appeal from a conviction in the Federal court. That conviction was affirmed in March of 1937, and when he failed to appear his bail was forfeited in June of that year. He remained a fugitive from justice until 1938.

Under the circumstances here disclosed, the attempt to overrule the action of the judge of General Sessions was an abuse of discretion.

The order so far as appealed from by the People should be reversed, the writ of habeas corpus dismissed, and the prisoner remanded to the custody of the keeper of the City Prison.

UNTERMYER, J. (dissenting). I dissent and vote to affirm the order appealed from, even though in this particular case the record of the prisoner is such as to preclude any sentiment of sympathy for him. But however dark may be his record, he is, nevertheless, entitled to those rights with which the law endows all persons who have not been convicted of the crime with which they are charged.

In my opinion, the Special Term was justified, for reasons stated by Mr. Justice DORE, in entertaining the relator's application for admission of the prisoner to bail. In my opinion, also, the Special Term was justified in fixing bail at $100,000, which, if the prisoner is able to furnish it, will assure his presence at the trial. The refusal of all bail to a defendant who has not been convicted of the crime for which he is indicted is a deprivation of an essential right which, except under extraordinary circumstances, constitutes a violation of the constitutional prohibition against "excessive bail." (N. Y. State Const. art. I, § 5.) The effect of such a decision is that if the defendant is innocent and is acquitted he has, nevertheless, been subjected to unjust imprisonment, even though he might have furnished bail sufficient to require his presence at the trial. It prejudices the defendant in the preparation of his case for trial and thus intensifies the disparity which ordinarily exists between a defendant's ability to prepare for trial and the resources of the district attorney's office.

The problem in each case must be to set the bail at a sum which, until conviction, will permit the defendant to remain at liberty and yet assure his presence at the trial. That problem the Special Term has solved with good judgment and discretion. The reversal by this court is tantamount to a determination that no amount of bail, however large, will accomplish that result. From that conclusion I must be permitted to dissent. The bail required by the Special Term will, if the prisoner can furnish it, assure his presence at the trial since, upon the facts disclosed, its forfeiture would result in the ruin not only of the prisoner but of the members of his family.

I accordingly dissent and vote to affirm the order appealed from.

TOWNLEY and GLENNON, JJ., concur with DORE, J.; MARTIN, P. J., concurs in separate opinion; UNTERMYER, J., dissents, with opinion.

Order, so far as appealed from by the People of the State of New York, reversed, the writ of habeas corpus dismissed, and the prisoner remanded to the custody of the keeper of the City Prison. Appeal by relator dismissed. Settle order on notice.