Per Curiam.

The crime that is being investigated by the Grand Jury in the Court of General Sessions is murder or *641 homicide perpetrated, it is claimed for political purposes, in a brutal assault on the morning of Election Day, November 5, 1946.
There was no lack of general jurisdiction ab initio. The committing judge had jurisdiction over the persons of the relators and over the criminal proceeding pending in his court, and it is clear he considered not only the affidavits of the police officer but also the testimony under oath taken by the judge before relators’ appearance, the interrogation under oath of both relators before him, and relators’ long criminal records. The Court of General Sessions was properly satisfied that relators had vital information concerning the issues under investigation by the Grand Jury, and that they would not willingly appear and testify or might be prevented from appearing when required.
On all the facts admittedly before the Court of General Sessions including the testimony under oath taken by that court and by express consent considered by Special Term and, accordingly, reviewed on appeal by this court, we are of the opinion that the committing court properly exacted an appearance bond in high bail under section 618-b of the Code of Criminal Procedure (People ex rel. Ditchik v. Sheriff of County of Kings, 256 App. Div. 1081; People ex rel. Shapiro v. Keeper of City Prison, 265 App. Div. 474, affd. 290 N. Y. 393) and that the bail fixed was not excessive.
The order of Special Term, insofar as it reduces relators’ bail as fixed by the Court of General Sessions, should be reversed and relators remanded to the custody of the warden.
Martin, P. J., Glennon, Dore, Callahan and Peck, JJ., concur.
Order, so far as it reduces relators’ bail, unanimously reversed and relators remanded to custody. Settle order on notice.