THE PEOPLE OF THE STATE OF NEW YORK v. PATRICK GRENNAN.— The defendant has made an original application to this court for an order admitting him to bail upon charges of certain misdemeanors and a charge of the felony of extortion for which the defendant was indicted by the Grand Jury for the

Extraordinary Special and Trial Term of the Supreme Court of the County of Saratoga on August 22, 1951, and December 5, 1951. This application is made under the authority of section 149 of the Judiciary Law, as amended by chapter 890 of the Laws of 1953, providing that "A motion involving a matter pending before such extraordinary special or trial term shall be made returnable at such term, or, at the option of the moving party, at a term of the appellate division of the supreme court in the department in which such extraordinary special or trial term is being held." It appears that upon the application of the special assistant attorney-general, the justice holding the term granted an order on May 17, 1954, fixing bail in the amount of $150,000. The defendant's attorney did not join in that application and, in fact, opposed the granting of any order by the justice presiding fixing bail. Under the circumstances, we do not believe that the order entered on the application of the special assistant attorney-general forecloses an original application by the defendant to this court for an order fixing bail. Section 149 of the Judiciary Law quoted above gives the moving party the option to make his motion returnable either at the Extraordinary Term or at a term of the Appellate Division. The defendant is the "moving party" upon an application for bail. The defendant therefore had the right to decline to have bail fixed by the Extraordinary Term and to make his application here instead. In opposition to defendant's application, the Attorney-General submitted affidavits showing that the defendant was a fugitive from justice from the time of the finding of the indictments to the time of his apprehension on May 15, 1954, in a rooming house in Brooklyn, New York, where he was living under an assumed name. The affidavits showed that a diligent search for the defendant had been carried on throughout that time. The defendant offered nothing in response to this proof except his assertion that he had consulted his attorney and that he had been advised that he should not make any statement in answer to the affidavits submitted by the special assistant attorney-general. It is, of course, the privilege of the defendant to stand mute with respect to this question but if he elects to do so he must accept the risk of adverse action on the basis of the uncontradicted proof before the court. Upon the basis of that proof, we are satisfied that there would be no assurance of the defendant's appearance for trial if he were released on bail and for that reason we believe bail should be denied (*People ex rel. Shapiro* v. *Keeper of City Prison*, 265 App. Div. 474, affd. 290 N. Y. 393). The defendant's application for bail is accordingly denied. Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ., concur.