CITY OF WEST ALLIS, Plaintiff in error, v. STATE EX REL. TOCHALAUSKI, Defendant in error: JOZWIAK, Superintendent, Milwaukee County House of Correction, Defendant.

*No. 436. Argued February 3, 1975.—Decided March 4, 1975.*
(Also reported in 226 N. W. 2d 424.)

For the plaintiff in error there was a brief by *William T. Schmid* of West Allis, attorney, and *H. Victor Buerosse* of Milwaukee, of counsel, and oral argument by *Mr. Schmid.*

For the defendant in error there was a brief and oral argument by *Kent A. Martin* of Milwaukee.

CONNOR T. HANSEN, J.  The essential facts are not in dispute.  June 28, 1973, Tochalauski pled guilty to the charges of defrauding a restaurant keeper and disorderly conduct, in violation of the ordinances of the city of West Allis.  Forfeitures were imposed in the amount of

$65 and $60 on the respective charges. The amounts were made due thirty days thereafter, July 28, 1973. On July 5, 1973, a commitment order was issued by the municipal court, which was to be stayed unless payment was not received on the forfeitures prior to July 28, 1973.

The defendant failed to make any payment on the forfeiture prior to the due date. On August 2, 1973, he was arrested pursuant to the commitment order and was incarcerated in the Milwaukee County House of Correction.

On August 3, 1973, the defendant petitioned the circuit court for a writ of habeas corpus alleging that he did not have a job and that he was without funds to pay the forfeiture, and that his incarceration was illegal. The city of West Allis appeared and contested, *inter alia,* the sufficiency of the allegations of the petition, the jurisdiction of the circuit court to grant the writ, and the merits of the petition. The trial court was not persuaded by any of the arguments advanced by the city, and this appeal is the result.

The decision of the trial court to grant the writ was predicated upon its determination that prior to determining the amount of the forfeiture and the length of time to be given the defendant to pay it, a hearing should be held as to whether or not the defendant was indigent.

We deem the dispositive issue of this appeal to be whether it was error for the trial court to make such a determination.

Since municipal courts are not courts of record,[1] we do not have a transcript of the proceedings at the time the guilty plea of the defendant was accepted by the municipal court. However, it is undisputed that the defendant was granted thirty days in which to pay the forfeiture imposed.

---

[1] Sec. 254.01 (1), Stats.

The municipal court for West Allis derives its authority to impose the judgments in this case from sec. 66.12, Stats., which provides in relevant part:

"66.12 **Actions for violation of city or village regulations.** (1) . . .

" . . .

"(c) In case of conviction the court shall enter judgment against the defendant for the costs of prosecution, and for the penalty or forfeiture, if any, and that he be imprisoned for such time, not exceeding 90 days, unless otherwise provided by the ordinance, resolution or bylaw, as the court deems fit unless the judgment is sooner paid. Such judgment or the imposition of any penalty or costs may be suspended or deferred for not *more than 30 days in the* discretion of the court. . , ." (Emphasis added.)

In *State ex rel. Pedersen v. Blessinger* (1972), 56 Wis. 2d 286, 201 N. W. 2d 778, this court considered sec. 973.07, Stats., as it relates to the equal protection clause of both the state and federal constitutions,[2] and in doing so considered the then recent decision of *Tate v. Short* (1971), 401 U. S. 395, 91 Sup. Ct. 668, 28 L. Ed. 2d 130. Sec. 973.07 provides for imprisonment of a defendant in the discretion of the trial court, for failure to pay the fine and costs adjudged. *Pedersen* found the statute to be a constitutional enactment. It was concluded, however, that the use of a term of imprisonment as a means of collection of a fine or costs from an indigent defendant would be an unconstitutional application of the statute. The case emphasized the fact that the question of a person's indigency was a question of fact. This court concluded that it was necessary to hold a hearing on the indigency of a defendant in order to avoid an unconstitutional application of the statute. *State ex rel. Pedersen v. Blessinger, supra,* pages 295, 298.

---

[2] Art. XIV, sec. 1, United States Constitution; art. I, sec. 1, Wisconsin Constitution.

In the present case the defendant does not assert that sec. 66.12 (1) (c), Stats., is unconstitutional. Indeed, it is recognized by the defendant that the statute vests in the municipal court the discretion to order confinement and withholds any power to order imprisonment in lieu of the forfeiture as distinguished from the power to order imprisonment as a means of collection. *See: State ex rel. Keefe v. Schmiege* (1947), 251 Wis. 79, 28 N. W. 2d 345. (The legislature cannot grant municipalities power to impose imprisonment for violation of ordinances other than as a means of enforcing forfeitures assessed.) Moreover, sec. 66.12 (1) (c), also vests in the municipal court the discretion to stay the imposition of the period of confinement, which permits the court flexibility in setting the terms of payment. It was these three factors, found to exist in *State ex rel. Pedersen v. Blessinger, supra,* with regard to sec. 973.07, that led this court to conclude that sec. 973.07 was not facially invalid under the mandate of *Tate v. Short, supra.* In our opinion the rationale of the *Pedersen Case* is applicable to proceedings arising under sec. 66.12 (1) (c).

The circuit court, in granting the writ of habeas corpus in this case, did not make a finding that the defendant is indigent. Rather, it was the opinion of the circuit court that regardless of whether the issue was raised by the defendant, the municipal court was required to make a determination of whether the defendant was indigent before it could legally order confinement for nonpayment of the forfeiture, even though payment thereof was initially stayed for the maximum period provided by statute.

We conclude the trial court misconceived the holding of this court in the *Pedersen Case.* There, this court observed that much time could be saved if the trial courts would follow the practice of ascertaining the defendant's ability to pay a fine at the time of sentencing. However,

that procedure was not made mandatory on the trial courts, as this court held:

".  .  . we think the defendant when given a period of time in which to pay a fine has the burden to apply to the court for relief, if he is unable to pay within the given time. Lacking such an application by the defendant, the court may under sec. 973.07, commit the defendant to imprisonment as a collection method. The defendant, if he has failed to apply to the court prior to commitment, may seek a hearing and a determination of his ability to pay the fine. But the burden is on the defendant to prove his inability and that the application of this section would be unconstitutional as applied to him. It must be remembered that courts generally, and traffic courts in particular, are not collection agencies and should not be made such. Our courts are overcrowded with cases and only the most streamlined procedure, consistent with constitutional demands, should be mandated. We repeat the defendant has the burden to raise and prove his inability to pay the fine where a commitment is ordered for his failure to do so. Inconvenience, luxury commitments and nonessential priorities do not constitute inability. The payment of a fine is to be given a high priority." *State ex rel. Pedersen v. Blessinger, supra,* pages 295, 296.

In the present case, it is undisputed that the defendant did not direct the municipal court's attention to the fact that he was indigent at the time judgment was entered, or at any time prior to his commitment under the facts of this case, and in the absence of the defendant's raising the issue, there is no requirement that the municipal court make an indigency determination. In his argument before the circuit court, counsel for the defendant stated that he telephoned the acting municipal justice (the municipal justice of an adjoining municipality, the West Allis municipal justice being on vacation) just after the defendant was confined, and discussed the problems of the defendant. He further informed the circuit court that the acting municipal justice stated that since the de-

fendant was already confined nothing could be done about it. We do not consider this purported telephone conversation between counsel for the defendant and the acting municipal justice, as related to the circuit court during argument, rises to the dignity of an application for the determination of the ability of the defendant to pay the forfeitures.

The circuit court, however, placed no reliance on this alleged application for relief to the acting municipal justice in reaching its decision. It was of the opinion that the municipal court was required to make a determination as to indigency prior to ordering confinement regardless of the effective date thereof or whether the issue was raised by the defendant. We believe the *Pedersen Case* makes it clear that a defendant who believes himself to be indigent on the effective date of a stayed commitment can and should apply to the committing court for resentencing. Under the procedure of *Hayes v. State* (1970), 46 Wis. 2d 93, 175 N. W. 2d 625, as adopted in the *Pedersen Case,* this application may be made within ninety days of the sentencing and the application can be made before as well as after actual confinement. *State ex rel. Pedersen v. Blessinger, supra,* page 296. If the defendant makes a proper request for relief on the basis of his inability to pay the forfeiture, the *Pedersen Case* requires that the trial court make a determination on that issue.

The record before this court is insufficient to establish that the issue of the ability of the defendant to pay the forfeiture was ever properly raised before the municipal court. Certainly, the issue has never been passed upon by any court and on the basis of the present record it cannot be. Having now raised the issue, the defendant is entitled to a hearing before the municipal court. The order granting the writ of habeas corpus is vacated and the cause remanded with directions to remand to the municipal court of the city of West Allis, with directions

to hold a hearing to determine the ability of the defendant to now pay the forfeitures, and for such further action as is not inconsistent with this opinion and that of *State ex rel. Pedersen v. Blessinger, supra.*

In view of our disposition of this case, we do not reach the other issues raised on appeal.

*By the Court.*—Order vacated and cause remanded for further proceedings consistent with this opinion.