OWEN R. WILLIAMS, District Attorney St. Croix County
You have requested my opinion with respect to two questions:
 1. "[W]hether the Sheriff of St. Croix County, as custodian of the county jail, may lawfully accept and hold persons incarcerated pursuant to a municipal or county ordinance violation prior to the defendant's appearance or conviction for said violation when he fails to post bond."
 2. "[W]hether the Sheriff of St. Croix County, as custodian of the county jail, may lawfully accept and hold persons incarcerated following their conviction for a municipal or county ordinance violation, who have failed to pay the court-imposed fine when said defendant is indigent but has not raised the issue of his indigency on his own motion."
I.
Your first question has recently been considered in City ofMadison v. Raymond R. Stenstrom (Dane County Court, Case No. 169-161, 12-10-74, rev'd. on appeal, Dane County Circuit Court, Case No. 145-161, 5-20-75). In that case, the County Court held that arrest and detention in the prosecution of a municipal ordinance violation is unconstitutional, and further held that the imposition of cash bail on indigents in ordinance violation cases is unconstitutional. The Circuit Court sustained the constitutionality of arrest and detention In municipal ordinance cases, and declined to rule on the constitutionality of the imposition of cash bail on indigents. It is anticipated that the Circuit Court decision will be appealed to the Supreme Court.
It has been the long-standing policy of this office not to answer opinion requests on questions currently in litigation. See, e.g., 24 OAG 115 (1935). The reason for that policy is twofold. First, the answering of such an opinion request might seriously embarrass this department if it became the duty of the attorney general to appear in such litigation on behalf of the state. See 20 OAG 322 (1931). Second, it would be unseemly for the attorney general to *Page 96 
render an opinion which might appear to some to have been issued to influence a court. See 63 OAG 159 (1974).
Those reasons for declining to render an opinion on questions currently in litigation are especially compelling in the present case. This office appeared in the action referred to above in the County Court for Dane County pursuant to sec. 269.56 (11), Wis. Stats., since the constitutionality of certain state statutes was at issue in that action. This office may also be required to appear in that action in the Supreme Court.
For that reason, I believe that this office's normal policy with respect to giving opinions on questions involved in pending litigation should be adhered to with respect to your first question. I must therefore decline to express an opinion on that question.
II.
I now turn to a consideration of your second question. The answer to that question is found In State ex rel. Pedersen v.Blessinger (1972), 56 Wis.2d 2136. 701 N.W.2d 778 (hereinafter "Pedersen").
As you recognize in your letter requesting my opinion, inPedersen the Supreme Court clearly and unequivocally indicated that the burden is on the defendant to raise the issue of his indigency when he is committed to jail upon his failure to pay a fine. The Court stated:
 ". . . [T]he defendant when given a period of time in which to pay a fine has the burden to apply to the court for relief, if he is unable to pay within the given time . . . . We repeat the defendant has the burden to raise and prove his inability to pay the fine where a commitment is ordered for his failure to do so." 56 Wis.2d at 295-296 (Emphasis supplied.)
Where a defendant has not raised the issue of his indigency on his own motion, the sheriff may lawfully accept and hold such defendant when he has been ordered incarcerated on account of his failure to pay the fine imposed following his conviction for a municipal or county ordinance violation.
You apparently feel that the language from Pedersen, upon which I rely, has no application in cases involving municipal ordinance violations, but rather is limited to cases involving *Page 97 
violations of state statutes. Based on certain statements in thePedersen decision, you conclude, "By implication, Pedersen seems to prohibit any incarceration for the conviction of a municipal or county ordinance." (Emphasis supplied.)
I do not find any such implication in the Pedersen decision. On the contrary, the decision clearly appears to have reaffirmed the Court's earlier holdings in State ex rel. Keefe v. Schmiege
(1947), 251 Wis. 79, 28 N.W.2d 345, and Milwaukee v. Horvath
(1966), 31 Wis.2d 490, 143 N.W.2d 446, that while direct imprisonment as punishment for a municipal ordinance infraction would be improper and invalid, imprisonment to enforce the collection of a fine imposed for such infraction would not InPedersen the Court stated:
 ". . . We still think imprisonment should be a sanction for the inexcusable failure to pay a fine — in ordinance traffic cases it can have no other function in this state." 56 Wis.2d at 297.
The clear and unmistakable implication of that language is that imprisonment remains a permissible sanction for the inexcusable failure to pay a fine in municipal ordinance violation cases as well as in state criminal cases.
That implication was made explicit in the recent case of WestAllis v. State ex rel. Tochalauski (1975), 67 Wis.2d 26,226 N.W.2d 424. In that case, which involved a municipal ordinance violation, the Supreme Court stated:
 ". . . it is recognized by the defendant that the statute [sec. 66.12 (1) (c), Wis. Stats.] vests in the municipal court the discretion to order confinement and withholds any power to order imprisonment in lieu of the forfeiture as distinguished from the power to order imprisonment as a means of collection." 67 Wis.2d at 30.
In addition to reaffirming the power to a municipal court "to order imprisonment as a means of collection's of a fine imposed in a municipal forfeiture action, the Supreme Court also reaffirmed its holding in Pedersen that the burden is on the defendant to raise and prove his inability to pay a fine where a commitment is ordered for his failure to do so. The Court stated: *Page 98 
 ". . . [The trial court] was of the opinion that the municipal court was required to make a determination as to indigency prior to ordering confinement regardless of the effective date thereof or whether the issue was raised by the defendant. We believe the Pedersen Case
makes it clear that a defendant who believes himself to be indigent on the effective date of a stayed commitment can and should apply to the committing court for resentencing . . . ." 67 Wis.2d at 32.
In conclusion, it is my opinion that a defendant may be incarcerated by court order for failing to pay a fine imposed for the violation of a municipal ordinance. Unless the defendant applies to the court and obtains relief on the grounds that because of his indigency he is unable to pay the fine, the sheriff may lawfully accept and hold such defendant in the county jail.
BCL:DJB