OWEN R. WILLIAMS, District Attorney St. Croix County
On September 11, 1975, in response to a request from your office, I issued an opinion regarding the jailing of indigents in municipal ordinance cases as a means of collecting a fine. In that opinion I dealt with two issues which were raised by your request: 1) Is incarceration for nonpayment of a fine permitted in municipal ordinance cases? 2) If so, does a defendant, whose failure to pay a fine results from his indigency, have the burden to raise such indigency if he wishes to escape incarceration for that failure? Relying primarily on West Allis v. State ex rel. *Page 99 Tochalauski (1975), 67 Wis.2d 26, 226 N.W.2d 424, which directly and unequivocally addresses itself to both those issues, I advised that such incarceration is permitted and that the burden to raise the issue of indigency is on the defendant.
Since I rendered that opinion, another issue, not raised in your opinion request, but related to the problem of the jailing of indigents for failure to pay a fine, has been brought to my attention. That issue is whether or not there must be notice given to a defendant who may potentially be subject to incarceration for nonpayment of a fine of his right not to be incarcerated if such nonpayment results from financial inability to pay the fine and of his right to a hearing on the question of his indigency before such incarceration is imposed. At least one federal district court, upon consent of the public officials involved in the case, has entered a judgment requiring such notice. See Leo Balderas, et al. v. Donald N. Thorgaard, et al., Civil Action No. 73-C-290 (E.D. Wis. July 22, 1975).
Without regard to whether such notice is constitutionally required, I do believe that the giving of such notice to defendants on whom fines are imposed represents a commendable practice which I would encourage district attorneys and other law enforcement officials in this state to adopt The adoption of such a practice would be desirable for two reasons.
First, and foremost, such practice would insure that the citizens of this state who are subjected to possible incarceration on account of nonpayment of a fine will have full knowledge of their constitutional right not to be incarcerated if such nonpayment is due to their indigency. Such knowledge will, of course, be of significant aid in protecting that right.
Second, the giving of the type of notice in question will serve a prophylactic purpose. It will prevent a defendant who is jailed on account of his nonpayment of a fine from challenging such incarceration on the ground that some alleged constitutional right to such notice was violated.
In conclusion, I would recommend that you and other law enforcement officials of this state, insofar as it is within your power to do so, establish procedures for giving notice to those who face possible incarceration on account of their failure to pay a fine of *Page 100 
their constitutional right not to be confined if the failure to pay the fine results from their indigency and of their right to a hearing on the question of their indigency.
BCL:DJB