FRED A. RISSER, President State Senate
As chairman of the Senate Committee on Organization, you request my opinion whether sec. 349.03 (2m), Stats., created by ch. 20, Laws of 1981, applies to prejudgment as well as postjudgment arrests. That section reads: "No person may be arrested for failure to pay a forfeiture for violation of any stopping, standing or parking regulation enacted under s. 349.06
or 349.13 by any local authority."
Where a defendant is found guilty of violating a traffic regulation, sec. 345.47 (1), Stats., provides that the court may enter judgment for a monetary amount not to exceed the maximum forfeiture, and shall order imprisonment or suspension of the operating privilege if the judgment is not paid. Section 345.47
(2), Stats., provides that payment of the judgment may be deferred for up to sixty days. Where payment is not made during that period, the defendant is subject to arrest so that he can be imprisoned. This is clearly an arrest for non-payment of the forfeiture. This procedure is applicable to all traffic regulation cases. However, new sec. 349.03(2m), Stats., makes an exception for stopping, standing and parking violations. It provides that in such cases a person may not be arrested for failure to pay a forfeiture. It is clear that this applies to postjudgment arrests. However, the question arises whether prejudgment arrest is also prohibited.
Prejudgment arrest is authorized by sec. 345.28, Stats., with respect to parking violations. This statute reads:
 (1) A person charged with a nonmoving traffic violation may mail the amount of the forfeiture to any of the places specified in s. 345.26 (1) or to a violations bureau, or to the city, town or county clerk or treasurer if the traffic citation so provides. In that case, the citation shall not be filed in court. A nonmoving traffic violation is any parking of a vehicle in violation of a statute or an ordinance.
 (2) If the alleged violator does not mail the amount of the forfeiture as provided in sub. (1), a summons or warrant under *Page 287 
ch. 968 may be issued for him. Upon his appearance, the procedure under ss. 345.32 to 345.36 shall apply.
This provides that a person charged with a parking violation may mail the amount of the forfeiture, and that if the person does not mail the amount of the forfeiture a warrant may be issued. Thus, he may be arrested if he does not mail the amount of the forfeiture. The language of sec. 349.03 (2m), Stats., "failure to pay a forfeiture" is the substantial equivalent of the language of sec. 345.28, Stats., "does not mail the amount of the forfeiture." Under either phraseology, it is the failure to pay that brings the arrest, and this new statute prohibits such arrest. Statutes in pari materia, although in apparent conflict, are so far as reasonably possible construed to be in harmony with each other. But if there is an irreconcilable conflict between a new provision and prior statutes relating to the same subject matter, the new provision will control because it is the later expression of the Legislature. Nat. Exchange Bank of Fond du Lacv. Mann, 81 Wis.2d 352, 361, 260 N.W.2d 716 (1978). Similarly, repeals by implication are not favored in the law. The earlier act will be considered to remain in force unless it is so manifestly inconsistent and repugnant to the later act that they cannot reasonably stand together. Pattermann v. Whitewater,32 Wis.2d 350, 356, 145 N.W.2d 705 (1966). Section 345.28, Stats., which authorizes arrest, is in direct and unreconcilable conflict with sec. 349.03 (2m), Stats., which prohibits arrest. Thus, the new statute is controlling because it is the later expression of the Legislature.
It has been suggested that prejudgment arrest is for failure to appear in court, not for failure to pay. This is not correct. The statute makes it clear that the arrest is for failure to pay. However, if a summons were served first and the person failed to appear, then the court would have jurisdiction to issue a bench warrant for failure to appear.
In West Allis v. State ex rel. Tochalauski, 67 Wis.2d 26,226 N.W.2d 424(1975), the court held that a person may not be imprisoned for failure to pay a forfeiture if he is indigent. It is argued that the Legislature, in enacting sec. 349.03(2m), Stats., merely meant to extend this same principle to all persons who do not pay parking forfeitures *Page 288 
after judgment. For reasons stated above I cannot accept this conclusion.
I am also aware that the Circuit Court for Milwaukee County, inState ex rel. Wood v. Breier, Case No. 559-692, has held that sec. 349.03 (2m), Stats., applies only to postjudgment forfeitures. The reasoning of the court appears to be that a forfeiture arises only as the result of a judgment, just as a fine arises only as the result of judgment. It is suggested that, since there is no such thing as a fine before judgment, there can be no forfeiture before judgment. I feel this analysis overlooks the specific language of the statutes involved. One statute refers to failure to pay a forfeiture and the other refers to failure to mail in the amount of the forfeiture. They both refer to the same thing, the failure to pay prior to judgment. The language of sec. 349.03 (2m), Stats., seems to be aimed directly at the language of sec. 345.28, Stats.
For all of those reasons, it is my opinion that a person cannot now be arrested for failure to pay a parking forfeiture either before or after judgment.
BCL:AH
 *Page 1