THE PEOPLE OF THE STATE OF NEW YORK ex rel. SYLVESTER LA TEMPA, Petitioner, against THOMAS CRADOCK HUGHES, Acting District Attorney of Kings County, et al., Defendants.

Supreme Court, Special Term, Kings County, July 7, 1944.

*Irving L. Weishar* for petitioner.

*Thomas Cradock Hughes, Acting District Attorney (Edward H. Levine* of counsel), for defendants.

STEINBRINK, J.   On July 3, 1944, petitioner's brother was taken into custody by the Police Department of the City of New York, and on July 5, 1944, his release was sought on a writ of habeas corpus upon the ground that no criminal or other charge had been brought against him, nor had he been arraigned before any court of law.   The writ was dismissed without prejudice and thereafter the District Attorney of Kings County obtained an order holding petitioner's brother as a material witness and fixing bail for his release at $50,000.   The affidavit upon which this order was obtained recites that on September 19, 1934, one Ferdinand Boccia was killed and that " there is pending at the present time before the Grand Jury of the County of Kings an investigation into the above homicide.   *   *   *   The material witness, Peter La Tempa, was an eye-witness."

It is petitioner's present contention that there is no statutory authority to hold any person as a material witness to an investigation.

So far as pertinent, section 618-b of the Code of Criminal Procedure provides that " Whenever a judge   *   *   *   is satisfied, by proof on oath, that a person   *   *   *   is a necessary and material witness for the people in a criminal action or proceeding pending in any of the courts of this state " he may order such person to file an undertaking for his appearance, and, if he fails to comply with the order, to commit him.

From the affidavit of one of the district attorneys submitted in opposition to the writ it appears that on the afternoon of July 5, 1944, testimony was adduced before the Grand Jury with a view of obtaining secret indictments against two persons and that further testimony will be adduced until all the evidence sufficient for an indictment has been presented.   It thus appears that the petitioner's brother is being held as a material witness, not to a mere investigation, but to a criminal proceeding actually pending.

Petitioner cites the dissenting opinion of Mr. Justice UNTERMYER in *People* v. *John Doe (Re Bernoff)* (261 App. Div. 504, 509) in support of his contention that there is no statutory authority to hold a material witness in an investigation, but in that case the witness was apparently being held pending an

investigation being conducted in the District Attorney's office. The distinction between that factual situation and the one here present is obvious. Holding that the witness is being properly held under the statute above cited, the writ will be dismissed.