Hyman Barshay, J.
This is a motion to quash a subpoena duces tecum served by the District Attorney of Kings County upon the movant, as president of Amalgamated Union, Local 224, requiring him as such officer, to appear before the Kings County Grand Jury on the date specified therein (now adjourned pending disposition of this application) and to bring with him and produce the books and records of the said union and welfare fund of that union for the period from January 1, 1957 to and including the date of the subpoena duces tecum, January 23, 1959. The items called for in the subpoena duces tecum are specified therein.
Oral argument established the following facts. Prior to the issuance of this subpoena duces tecum, an employee of this union named Abraham Levine was indicted by the said Grand Jury for extortion and coercion. Subsequent proceedings against the said employee resulted in the dismissal of said indictment on motion of the District Attorney.
*575 The Grand Jury was conducting an investigation entitled People v. John Doe, the nature of which concerned the alleged criminal activities of labor unions and their personnel in Kings County. While the aforesaid proceedings were pending against the said employee and before their ultimate disposition, the subpoena duces tecum concerned in the instant application was issued and served upon the movant pursuant to section 609 of the Code of Criminal Procedure which provides: ‘ District attorney may issue subpoenas, for witnesses before grand jury. The district attorney of the county may issue subpoenas, subscribed by him for witnesses within the state, in support of the prosecution or for such other witnesses as the grand jury may direct, to appear before the grand jury, upon an investigation pending before them.”
There was no evidence adduced before me showing any connection between the John Doe inquiry being conducted by the Grand Jury and the dismissal of the indictment against Levine, the labor union employee. Perhaps the coincidence of dates in the proceedings against Levine and the service of the subpoena duces tecum led the movant to the erroneous assumption that the matters were interrelated.
From all the facts elicited by the court, the inference is clear that the inquiry before the Grand Jury has no relationship whatever with the matter concerning Levine.
While inquisitorial power is vested in the Grand Jury, a subpoena issued by it may be attacked on the ground that it was issued in bad faith. No such proof was presented to me.
The motion is, therefore, denied and the movant is directed to obey the subpoena in all respects and appear before the Grand Jury on the first day of April, 1959, and on such other further days that he may be directed to appear before the Grand Jury.
Submit order.