The People of the State of New York ex rel. Rene Van Der Beek, Also Known as Marinhus Van Der Beek, Appellant, v. John J. McCloskey, as Sheriff of the City of New York, et al., Respondents.

First Department, March 26, 1963.

206

[REDACTED]

*Hyman Bravin* of counsel (*Joseph A. Mazur,* attorney), for appellant.

*Ernest H. Hammer* of counsel (*Frank S. Hogan, District Attorney*), for respondents.

VALENTE, J. The relator appeals from an order dismissing a writ of habeas corpus seeking his release from a commitment as a material witness (Code Crim. Pro., § 618-b). The order fixed bail at $30,000.

Section 618-b of the Code of Criminal Procedure, insofar as pertinent herein, provides that "Whenever a judge * * * is satisfied, by proof on oath, that a person * * * is a necessary and material witness for the people in a criminal action or proceeding pending in any of the courts of this state, he may, after an opportunity has been given to such person to appear before such judge and be heard in opposition thereto, order such person to enter into a written undertaking * * * to the effect that he will appear and testify at the court in which such action or proceeding may be heard or tried, and upon his neglect or refusal to comply with the order for that purpose, the judge must commit him to such place, other than a state prison, as he may deem proper, until he comply or be legally discharged."

On the morning of February 5, 1963, a woman was found dead in her apartment on 71st Street, Manhattan, under circumstances indicating that she had been murdered. In the investigation that ensued, the relator was questioned by detectives as to his knowledge of the homicide. He revealed that he had been with the deceased from 5:00 P.M. on the evening of February 4, 1963 until 2:00 A.M. of the morning of February 5, 1963. It was further disclosed that appellant was a native of Netherlands who had entered the United States in 1951 as a seaman, and had, since then, remained in this country without authority.*

Following that interrogation, a subpœna was issued by the District Attorney directing Detective Green to appear later that day, February 6, 1963, before a New York County Grand Jury in a John Doe proceeding. Detective Green thereupon executed an affidavit reciting the facts regarding the circumstances of the finding of the deceased woman and the questioning of appellant, and, further, requesting the court to hold appellant as a material witness in the proceeding in which the Grand Jury subpœna had been issued.

The Assistant District Attorney, together with Detective Green and appellant, then appeared before the Justice at Part 30, Special and Trial Term of the Supreme Court, where, after hearing, an order was entered committing appellant to the Civil Jail in the custody of the Sheriff of the City of New York for a period of 30 days upon his failure to give bail in the sum of $30,000, to insure appellant's presence upon all subsequent proceedings.

Relator argues that the commitment was illegal because (1) his constitutional right to counsel was denied him at the commitment hearing; (2) that he was not afforded an opportunity to be heard, and (3) that there was no jurisdiction to sign the order of commitment because there was no criminal action or Grand Jury proceeding pending. A contention as to the excessiveness of the bail was abandoned on this appeal.**

Section 618-b of the Code of Criminal Procedure serves an important and useful public purpose in the prosecution of crimes. (*People ex rel. Richards* v. *Warden of City Prison*, 277 App. Div. 87, 89.) As was said in *Stein* v. *New York* (346 U. S. 156, 184): " The duty to disclose knowledge of crime rests upon all citizens. It is so vital that one known to be innocent may be detained, in

---

* The record indicates that the Immigration and Naturalization Service had filed a warrant with the Sheriff of the City of New York.

** The court has been informed that on March 7, 1963, at a hearing to extend the original order of commitment, bail was reduced to $1,000.

the absence of bail, as a material witness." However, since the statute is harsh and results in a restraint and interference with personal liberty, there must be strict compliance with its provisions. (*Matter of Prestigiacomo,* 234 App. Div. 300, 301; *United States* v. *Denno,* 309 F. 2d 543, 544.) There is no longer any question of its constitutionality. (*People ex rel. Ditchik* v. *Sheriff of County of Kings,* 171 Misc. 248, affd. 256 App. Div. 1081.)

The statute demands that a criminal action or proceeding be pending " in any of the courts of this state ", before a person may be committed as a material witness. An investigation in the District Attorney's office will not suffice. (*People ex rel. La Tampa* v. *Hughes,* 182 Misc. 1078; see, also, *People* v. *Doe,* 261 App. Div. 504, 509.) But a Grand Jury proceeding is a criminal proceeding within the meaning of section 618-b of the Code of Criminal Procedure. (*People ex rel. Nuccio* v. *Warden,* 182 Misc. 654.)

The precise question of when a Grand Jury proceeding may be deemed " pending " has not been passed on by any court. In *People* v. *Stern* (3 N Y 2d 658, 661) the court said: " In this State the Grand Jury derives its power from the Constitution and acts of the Legislature (N. Y. Const., Art. I, § 6; Code Crim. Pro., §§ 223, 245, 252, 253). It is not only ' sworn to inquire of crimes committed or triable in the county ' (Code Crim. Pro., § 223) but by statute it is given the power, and the duty is enjoined upon it to ' inquire into all crimes committed or triable in the county, and to present them to the court ' (Code Crim. Pro., § 245)."

The Grand Jury is an arm or adjunct of the Supreme Court (see *Matter of Spector* v. *Allen,* 281 N. Y. 251, 260). In making an investigation to determine whether a crime has been committed, the Grand Jury may proceed on their own knowledge or upon information brought to their attention from any reliable source. (*People ex rel. Livingston* v. *Wyatt,* 186 N. Y. 383, 391–392.) The District Attorney is a legal advisor of the Grand Jury (Code Crim. Pro., § 225; *People ex rel. Gardiner* v. *Olmstead,* 25 Misc. 346, 348). The District Attorney is given the power independently to issue subpœnas for witnesses for the prosecution to appear before the Grand Jury as well as to subpœna witnesses which the Grand Jury seeks to call upon an investigation before them. (Code Crim. Pro., § 609.) When the District Attorney, on his own initiative, issues and serves such a subpœna in good faith, a proceeding is instituted in the Grand Jury just as, in an analogous situation, a civil action is commenced by the service of a summons (Civ. Prac. Act, § 218).

A Grand Jury subpœna may be attacked on the ground that it was issued in bad faith. (*People* v. *Easton,* 16 Misc 2d 574, 575.) We hold that at the very instant there is a bona fide issuance and service of a subpœna by the District Attorney, under section 609 of the Code of Criminal Procedure, for the appearance of a person before the Grand Jury in a John Doe investigation, there originates a pending proceeding before the Grand Jury for the purposes of section 618-b of the Code of Criminal Procedure.

At the hearing held for the commitment of appellant as a material witness, he was not represented by counsel. Appellant did not request an opportunity to obtain counsel. In a comprehensive opinion on the right to counsel in a proceeding under section 618-b of the Code of Criminal Procedure, MATTHEW M. LEVY, J., in *People ex rel. Fusco* v. *Ryan* (204 Misc. 861) held that neither statute nor Constitution imposes such a requirement, but that where counsel was requested, the failure or refusal to accord a witness such representation was a deprivation of a substantial right. We agree with the conclusion reached in that case. Section 618-b of the Code of Criminal Procedure grants the court power to order the commitment of a material witness only '' after an opportunity has been given to such person to appear before such judge and be heard in opposition thereto ''. This right to be heard may not be effective protection without the advice of counsel particularly when questions arise such as whether a Grand Jury proceeding is pending, or when there may be a claim that the proposed detention is a ruse to interrogate a person as a prospective defendant, or even on the question of the amount of bail.

Since in a proceeding to hold one as a material witness under section 618-b of the Code of Criminal Procedure, such person would be entitled to counsel if he requested it, we deem it appropriate that the Justice, in the exercise of discretion, before whom the matter is brought, should, even in the absence of any such request, inquire if the person desired counsel. While no statute or constitutional provision mandates such procedure, the proper exercise of discretion suggests such procedure because at the time of such a hearing the person may be ignorant of his rights, or be confused and distraught and unable to think clearly about the need for counsel. Although not a defendant in a criminal action, he nevertheless faces detention if he is unable to provide bail, and, in view of such serious consequences, he should, as a discretionary matter, be advised of a privilege to obtain counsel even though he does not request representation. Since the

matter is one of discretion, the propriety of its exercise should not be retroactively reconsidered.

In any event, appellant herein did not request the aid of counsel, and his commitment may not be validly assailed because of the failure to advise him of any right to counsel. Since there was proof from the detective's affidavit to show that appellant was a necessary and material witness, since there was a Grand Jury proceeding pending, and since appellant was informed at the hearing of the nature of the proceeding, there was no fundamental unfairness or resulting prejudice from the failure of appellant to have counsel at the hearing, so as to constitute a denial of due process.

We have already alluded to the necessity for strict compliance with the provisions of section 618-b of the Code of Criminal Procedure. The detention of a prospective material witness can serve a salutary purpose. However, the privilege granted by section 618-b may be abused if the procedure is used as a ruse to interrogate or hold a prospective defendant. (See *People ex rel. Gross* v. *Sheriff*, 302 N. Y. 173.) The competency of any statements obtained from such a witness, who subsequently becomes a defendant, has been questioned. (See *United States* v. *Denno*, 200 F. Supp. 643, affd. 309 F. 2d 543, *supra*.) At a hearing, under section 618-b, it would thus be appropriate, among other things, to raise the question as to whether the real purpose of the proceeding is to inquire into the person's participation in a crime rather than to hold him as a material witness to its commission.

The order dismissing the writ should be affirmed, without costs.

Breitel, J. P., Rabin, McNally and Eager, JJ., concur.

Order, entered on February 21, 1963, dismissing the writ of habeas corpus, unanimously affirmed, without costs.