STATE EX REL. WINNIE, Petitioner, v. HARRIS, Respondent.

*No. 76–217. Submitted on briefs January 6, 1977.—Decided February 1, 1977*
(Also reported in 249 N. W. 2d 791.)

548

For the petitioner the cause was submitted on the brief of *Howard B. Eisenberg,* state public defender.

For the respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, *Marguerite M. Moeller* and *William L. Gansner,* assistant attorneys general.

DAY, J. This is an original action for a writ of habeas corpus brought pursuant to Article VII, Section 3, Wisconsin Constitution[1] and section 292.03, Stats.[2]

Petition for leave to commence an original action for writ of habeas corpus and a petition for writ of habeas corpus were filed in this court on September 14, 1976.

---

[1] ". . . the supreme court . . . shall have a general superintending control over all inferior courts; it shall have power to issue writs of habeas corpus, . . . and to hear and determine the same."

[2] "Application for such writ [habeas corpus] shall be by petition, signed either by the prisoner or by some person in his behalf, and may be made to the supreme court, . . . or to any justice or judge of the supreme . . . court, . . ."

The application was brought on behalf of the petitioner by the State Public Defender. The Attorney General for the State of Wisconsin filed a response on behalf of the sheriff-respondent on September 27, 1976. An order releasing the petitioner on an unsecured appearance bond pending determination of this matter was issued by this court on September 21, 1976.

The first question posed by the facts in this case is: May one convicted of a misdemeanor,[3] who has not waived counsel, be sentenced to ninety days in jail when he has not been advised by the court of his right to counsel and informed that if he is indigent, counsel will be furnished to him at public expense? The Public Defender and the Attorney General agree that under *Argersinger v. Hamlin*, 407 U.S. 25, 92 S. Ct. 2006, 32 L. Ed.2d 530 (1972) the answer is no. We agree.

The second question is whether one charged and tried under a municipal ordinance may be convicted under a state statute providing for incarceration. The Public Defender and the Attorney General agree that the answer is no. We agree.

The third question that the Public Defender and the Attorney General ask this court to answer is: Must one charged with a crime that carries a jail or prison sentence be advised of his right to counsel and informed that counsel will be furnished at public expense if he is indigent irrespective of whether he is ultimately incarcerated? We conclude the answer is yes unless counsel is waived. This is the conclusion urged by the Public Defender and the Attorney General.

On January 14, 1976 the petitioner, Irving Winnie, was issued a uniform traffic citation charging him with

---

[3] "939.60 *Felony and misdemeanor defined.* A crime punishable by imprisonment in the state prison is a felony. Every other crime is a misdemeanor."

violating sec. 5.01 of the Monroe County Ordinances by "operating after revocation, second time." Under date of June 7, 1976, a civil complaint and warrant were issued by Judge James W. Rice charging petitioner with violation of that ordinance. The petitioner was convicted of "operating after revocation, second time" in violation of sec. 343.44(1), Stats.[4] On August 9th, the petitioner was sentenced under sec. 343.44(2)[5] to ninety days in the Monroe County jail to be served under the Huber Act. In addition, his driver's license was revoked for one year.

On September 14, 1976 petitioner, through the Public Defender, filed with this court a petition for leave to commence an original action for writ of habeas corpus and a petition for a writ of habeas corpus.

It is undisputed that the petitioner was not advised of his right to counsel nor was he told that if he was indigent, counsel would be furnished to him at public expense. It is likewise undisputed that the petitioner did not waive right to counsel. These facts require that the writ of habeas corpus be issued for the reason that such incarceration violated the constitutional rights of the petitioner as set forth in *Argersinger, supra.* In that case, an indigent was charged in the state of Florida with carrying a concealed weapon, an offense which was punishable by imprisonment up to six months, a one thousand dollar fine or both. The petitioner was tried before

[4] "343.44 *Driving after license revoked or suspended.* (1) No person whose operating privilege has been duly revoked or suspended pursuant to the laws of this state shall operate a motor vehicle upon any highway in this state during such suspension or revocation or thereafter before filing proof of financial responsibility or before he has obtained a new license in this state or his operating privilege has been reinstated under the laws of this state . . . ."

[5] "343.44(2) Any person violating this section . . . shall be imprisoned not less than ninety days nor more than one year in the county jail for the second such violation . . . ."

a judge, was unrepresented by counsel and sentenced to ninety days in jail. The Florida Supreme Court followed *Duncan v. Louisiana*, 391 U.S. 145, 159, 20 L. Ed.2d 491, 501, 88 S. Ct. 1444 (1968), which held that crimes carrying possible penalties up to six months do not require a jury trial and concluded that the right to court-appointed counsel extended only to trials for non-petty offenses punishable by more than six months imprisonment.

The Supreme Court in *Argersinger* specifically held that the sixth amendment right to counsel applies regardless of the length of sentence:

"We reject, therefore, the premise that since prosecutions for crimes punishable by imprisonment for less than six months may be tried without a jury, they may also be tried without a lawyer . . . .

" . . .

"We hold, therefore, that absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial. That is the view of the Supreme Court of Oregon with which we agree . . . .

" ' . . . no person may be deprived of his liberty who has been denied the assistance of counsel as guaranteed by the sixth amendment. This holding is applicable to all criminal prosecutions, including prosecutions for violations of municipal ordinances. The denial of the assistance of counsel will preclude the imposition of a jail sentence.' . . ." 407 U.S. 37, 38.

The United States Supreme Court went on to state:

"Under the rule we announce today, every judge will know when the trial of a misdemeanor starts that no imprisonment may be imposed even though local law permits it, unless the accused is represented by counsel . . . ." 407 U.S. 40.

Under the principle established in *Argersinger*, we overrule that portion of *State ex rel. Plutshack v. State*

*Department of Health & Social Services,* 37 Wis.2d 713, 155 N.W.2d 549 (1968) reh. den. 157 N.W.2d 567 which in effect held that indigents charged with a crime carrying a jail term of six months or less were not automatically entitled to appointment of counsel.

Under the mandate of *Argersinger,* we hold in the case before us that the petitioner was denied a constitutional right to counsel and that the writ of habeas corpus must issue.

The second issue concerns the manner in which the petitioner was charged and convicted. The charge in the uniform traffic citation and in the civil complaint filed against him was for a violation of sec. 5.01 of the Monroe County Ordinances. Under Wisconsin law one cannot be jailed as a penalty for violating a county or municipal traffic ordinance. Secs. 66.115[6] and 349.06,[7] Stats. 1973 make it clear that forfeiture is the only permissible penalty for such ordinance violation. The record, however, shows that the defendant was convicted of a violation of section 343.44(1), Stats., which is a violation of criminal law. The defendant cannot be convicted of a crime for which he is not charged. Not having been charged with a violation of state law, the court was without jurisdiction to convict him of such violation. 24 C.J.S., *Criminal Law,* sec. 1580, pp. 551–553.

---

[6] "66.115 *Penalities under county and municipal ordinances.* Where a statute requires that the penalty under any county or municipal ordinance shall conform to the penalty provided by statute such ordinance may impose only a forfeiture and may provide for imprisonment in case the forfeiture is not paid."

[7] "349.06 *Authority to adopt traffic regulations in strict conformity with state law.* Except for the suspension or revocation of motor vehicle operator's licenses, any local authority may enact and enforce any traffic regulation which is in strict conformity with one or more provisions of chs. 341 to 348 and 350 for which the penalty for violation thereof is a forfeiture."

The third question with which we deal is whether or not counsel must be appointed for an indigent in every case in which the possibility of a jail sentence exists in the penalty provisions of the offense charged. *Argersinger* necessitates advice of right to counsel and the appointment of counsel for an indigent unless waived only when a jail term is actually given. This is pointed out in a concurring opinion by Chief Justice Burger in which he says:

". . . Because no individual can be imprisoned unless he is represented by counsel, the trial judge and the prosecutor will have to engage in a predictive evaluation of each case to determine whether there is a significant likelihood that, if the defendant is convicted, the trial judge will sentence him to a jail term. The judge can preserve the option of a jail sentence only by offering counsel to any defendant unable to retain counsel on his own. This need to predict will place a new load on courts already overburdened and already compelled to deal with far more cases in one day than is reasonable and proper. Yet the prediction is not one beyond the capacity of an experienced judge, aided as he should be by the prosecuting officer. As to jury cases, the latter should be prepared to inform the judge as to any prior record of the accused, the general nature of the case against the accused, including any use of violence, the severity of harm to the victim, the impact on the community, and the other factors relevant to the sentencing process. Since the judge ought to have some degree of such information after judgment of guilt is determined, ways can be found in the more serious misdemeanor cases when jury trial is not waived to make it available to the judge before trial.* This will not mean a full 'presentence' report on every defendant in every case before the jury passes on guilt, but a prosecutor should know before trial whether he intends to urge a jail sentence, and if he does he should be prepared to aid the court with the factual and legal basis for his view on that score." 407 U.S. 42. (Footnote omitted.)

This approach, requiring that the judge make an advance determination as to whether or not he might

imprison the defendant, has been criticized.[8] This "individualized prediction" standard requires a sentencing decision before hearing the case. This interferes with a legislative intent which provides imprisonment as an alternative and in effect has the judge ruling out that possibility before he has heard the evidence. This obscures the normal criteria used in making a sentencing decision.

This court has stated that the exercise of discretion in sentencing "contemplates a process of reasoning based on facts that are of record or that are reasonably derived by inference from the record, and a conclusion based on a logical rationale founded upon proper legal standards."[9] Factors which are relevant to this discretion:

". . . include the defendant's personality, character and social traits, the results of a presentence investigation, the vicious or aggravated nature of the crime, the degree of defendant's culpability, the defendant's demeanor at trial, the defendant's age, educational background and employment record, the defendant's remorse, repentance and cooperativeness, the defendant's need for close rehabilitative control, and the rights of the public." *State v. Killory*, 73 Wis.2d 400, 408, 243 N.W.2d 475 (1976), citing *State v. Tew*, 54 Wis.2d 361, 367–68, 195 N.W.2d 615 (1972).

Some of these factors are not available prior to the taking of proof. In a trial to the court, some information relevant to sentencing and imprisonment would be inadmissible at the trial.

The non-indigent person, under our reading of *Argersinger*, must also be advised of the right to counsel even though the onus is on him to furnish such counsel if he

---

[8] S. Krantz, C. Smith, D. Rossman, P. Froyd, J. Hoffman; *Right to Counsel in Criminal Cases: The Mandate of Argersinger v. Hamlin.* Ballinger Publishing Company (1976).

[9] *Ocanas v. State*, 70 Wis.2d 179, 185, 233 N.W.2d 457 (1975).

can afford it. Under this individualized prediction standard, the mere fact that the right to counsel has been gone into strongly indicates that the judge is already considering the possibility of jail for a particular defendant even though he has not heard the evidence. On the other hand, this system would also result in people not being incarcerated who should be because of an erroneous evaluation of sentence limitations prior to hearing the evidence in the case. Both the Public Defender and the Attorney General have argued in their briefs against the adoption of this formula.

The Public Defender and the Attorney General argue for adoption of the system that has been proposed in *Krantz, supra,* ch. 4, pp. 69 *et seq.,* referred to there as "the imprisonment-in-law standard." Under this approach all indigent defendants charged with a crime for which incarceration may be imposed have a right to court appointed counsel. *The Uniform Rules of Criminal Procedure,* Rule 321(b) (Approved Draft, 1974) by the National Conference of Commissioners on Uniform State Laws recommends the imprisonment-in-law standard.

The fifth federal judicial circuit of the United States has extended *Argersinger* to an in-law standard, *Potts v. Estelle,* 529 F. 450 (5th Cir. 1976), consistent with its own pre-*Argersinger* case law. We are persuaded by the logic and reasoning supporting the imprisonment-in-law standard. To insure the fair administration of justice we hold that whenever a defendant is charged with a crime, the penalty for which includes the requirement or option of incarceration, he must be advised of his right to counsel and further advised that if he is indigent counsel will be furnished to him at public expense unless he knowingly and intelligently waives such right to counsel.

*By the Court.*—The writ of habeas corpus will issue and the respondent, Ray Harris, Sheriff of Monroe

County, is hereby ordered to release Irving H. Winnie from all custody.