Mary BROTZMAN, Plaintiff-Respondent, v. James BROTZMAN, Defendant-Appellant.†

Court of Appeals

*No. 78-641. Submitted on briefs June 5, 1979.—Decided June 29, 1979.*
(Also reported in 283 N.W.2d 600.)

† Petition to review denied.

Foley, J., dissents.

For the appellate the cause was submitted on the briefs of *Thomas Pyrek, Carol Medaris* and *Legal Action of Wisconsin, Inc.* of Janesville.

For the respondent the cause was submitted on the brief of *David L. Belling,* assistant district attorney, of Janesville.

Before Dean, P.J., Donlin, J., and Foley, J.

DONLIN, J.   Mary Brotzman commenced a divorce action against James in May, 1976.  A temporary order was issued requiring the defendant to make certain support payments.  On July 5, 1978, the assistant district attorney for Rock County petitioned the court to find the defendant in contempt because he had failed to pay the ordered support.

An order to show cause issued in response to the state's petition. On the return date of this order, Mr. Brotzman said he was unemployed and unable to pay the support as ordered. After the defendant said he had made some payments directly to the plaintiff, the hearing was adjourned for one week. The court directed the district attorney to subpoena the plaintiff for the hearing.

When the court reconvened, the defendant was represented by an attorney from the Janesville office of Legal Action of Wisconsin, Inc. Counsel indicated that federal regulations prohibited representation of defendants entitled to court-appointed counsel under state law.[1] Counsel contended that Mr. Brotzman was indigent and that Wisconsin case law required court-appointed counsel in civil contempt actions.[2] The request that counsel be appointed was denied.

The motion for appointment of counsel was subsequently renewed. The court found the defendant was indigent, but concluded he had no constitutional or statutory right to court-appointed counsel. It denied the motion.

Defendant requested leave to appeal this nonfinal order.[3] This court granted leave to appeal by order dated December 1, 1978. The sole issue is whether an indigent defendant is entitled to court-appointed counsel in a civil contempt action initiated by the district attorney. We hold he is entitled to appointed counsel.

---

[1] Legal Services of Wisconsin, Inc., is funded by the federal Legal Services Corporation. It is, therefore, subject to 45 C.F.R. §§1609.2 and 1609.4(c). *See also* 42 U.S.C.A. §§2996e(d)(6), 2996g(e) (West Supp. 1979).

[2] Citing *Ferris v. State ex rel. Maass*, 75 Wis.2d 542, 249 N.W.2d 789 (1977).

[3] Sections 808.03(2), 809.50, Stats. (1977).

The supreme court recently held:[4]

[W]here the state in the exercise of its police power brings its power to bear on an individual through the use of civil contempt as here and liberty is threatened, we hold that such a person is entitled to counsel. That means that absent a knowing and intelligent waiver of counsel, the court, prior to the hearing on contempt, must advise the alleged contemnor of his right to counsel and advise him that if he is indigent, the court will appoint counsel for him at public expense.

The district attorney is an agent of the state.[5] The district attorney has the responsibility of enforcing the criminal laws of the state. He could have commenced a criminal proceeding against the defendant in this case, but he chose to proceed under civil contempt.[6] Had the criminal action been commenced, there is no question that the defendant would have been entitled to court-appointed counsel.[7]

The state is interested in recovering support which the plaintiff is deemed to have assigned to the state as a condition of receiving AFDC.[8] Pursuant to the assignment, the state is the real party in interest.[9] The district

[4] *Ferris v. State ex rel. Maass*, 75 Wis.2d 542, 546, 249 N.W.2d 789, 791 (1977).

[5] Section 59.47, Stats.

[6] Section 52.055, Stats. *Compare* the maximum imprisonment available under §52.055 (3 months) *with* the maximum imprisonment available under §295.02 (6 months). *See also* §52.05, Stats.

[7] *State ex rel. Winnie v. Harris*, 75 Wis.2d 547, 249 N.W.2d 791 (1977); *see Scott v. Illinois*, 99 S. Ct. 1158, 1162 (1979). *See also Argersinger v. Hamlin*, 407 U.S. 25 (1972); *Gideon v. Wainwright*, 372 U.S. 335 (1963).

[8] Section 49.19(4)(h), Stats. (1977). *See generally* §46.25, Stats.

[9] Section 247.075, Stats. (1977), as created by §747g, ch. 418, Laws of 1977.

attorney is required to represent the state in this proceeding.[10] The defendant may be incarcerated if he is found in contempt.[11]

In this matter, the state is exercising its police powers to threaten an individual's liberty. That the imprisonment here would be coercive rather than punitive is immaterial.[12] Mr. Brotzman was therefore entitled to counsel regardless of his ability to pay.

Under the provisions which phase in the state public defender system, the court should have informed Mr. Brotzman of his right to counsel.[13] Upon finding the defendant was indigent, in the absence of an available representative of the state public defender or waiver by the defendant, the court should have assigned counsel for the defendant.[14] Under the transitional provisions, Rock County would have been liable for payment of attorney fees.[15]

[10] Section 59.47(1), Stats.

[11] Section 295.02, Stats.

[12] *Ferris*, *supra* note 2. The state relies upon *State v. King*, 82 Wis.2d 124, 262 N.W.2d 80 (1978). *King* held that purely punitive sanctions cannot be imposed in civil contempt actions. The court noted that civil contemnors are not entitled to the multitude of constitutional procedural protections available to criminal defendants. The reason for this was said to be that civil contemnors "hold the keys to their own jail." The opinion did not refer to an indigent contemnor's right to counsel in either civil or criminal contempt proceedings. *King* does not overrule *Ferris*. The right to counsel exists even when imprisonment for civil contempt is coercive if the state commences the action.

[13] Sections 967.06, 977.07, 977.08, Stats. (1977), as created by §§1593, 1600, ch. 29, Laws of 1977, and §899, ch. 418, Laws of 1977. The transitional provisions are *not* included in the 1977 statutes. See §1655(34m), ch. 29, Laws of 1977.

[14] Section 1655(34m)(b), ch. 29, Laws of 1977.

[15] *Id.*

Upon remand, the court shall proceed under sec. 967.06, Stats. (1977), and such transitional provisions as may then be effective.[16]

*By the Court.*—Order vacated and remanded for further proceedings not inconsistent with this opinion.

FOLEY, J. *(dissenting).* My two colleagues consider this case to be controlled by *Ferris v. State ex rel. Maass,* 75 Wis.2d 542, 249 N.W.2d 789 (1977). I disagree.

While the holding in *Ferris,* when quoted out of context, seemingly establishes a broad rule, I believe it was meant instead to be limited to the specific issue considered in the case. The issue was "whether an indigent is entitled to court-appointed counsel at public expense when a state agency (Department of Natural Resources) seeks to enforce its orders through the coercion of imprisonment for contempt." 75 Wis.2d at 542–43, 249 N.W.2d at 789–90. So carefully limited a statement of the issue would have been unnecessary had the court intended the broad interpretation applied by the other members of this panel. Also, if the court had intended to extend the impact of the decision beyond the facts of the case, there would have been an indication of this intent in the opinion. Not only was there no such indication,

---

[16] The transitional period is scheduled to end on June 30, 1979. However, the record in this case contains an affidavit of the state public defender indicating that his office would begin providing trial representation services to defendants in Rock County on or about March 1, 1979. These services would include representation for indigent defendants in civil contempt actions brought by the state.

We note that under §977.05(4)(h), Stats. (1977), the state public defender may "[a]ccept requests for legal services from indigent persons entitled to counsel under s. 967.06 or otherwise so entitled under the constitution or laws of . . . this state and provide such persons with legal services *when, in the discretion of the state public defender, such provision of legal services is appropriate.*" [Emphasis added.]

the court did not even expressly state the precise basis for the decision.

In addition to rejecting *Ferris* as controlling precedent in this case, I also reject its application by analogy. It is not necessary to inflexibly require appointed counsel in civil contempt proceedings for collection of support arrearages in divorce judgments, even when the state has become an interested party. *Ferris* involved the state's direct attempt to enforce an order of a state agency. Proceedings to collect support arrearages in divorce judgments involve the state only as assignee, and the relief requested is that the court exercise its traditional inherent power to enforce its own judgment. To this extent, even the power being exercised can be distinguished from the police power exercised in *Ferris*.

I find persuasive the approach recommended in the concurring opinion in *Sword v. Sword,* 399 Mich. 367, 249 N.W.2d 88 (1976). Noting that the issues often vary in complexity in nonsupport cases, the concurring justices suggested a discretionary case-by-case approach to the appointment of counsel as applied by the Supreme Court to probation revocation cases in *Gagnon v. Scarpelli,* 411 U.S. 778 (1973). I agree with the recommended approach and also agree with the concurring justices in *Sword* that the imbalance of forces between the individual and the state should be considered in deciding whether to appoint counsel. I dissent in this case, however, because I do not believe the imbalance always requires appointment of counsel. Rather than reverse, I would remand to the trial court for its consideration of such factors as discussed in both the majority and concurring opinions in *Sword*.

Finally, I suggest that if the alleged contemnor is found to have no present ability to pay the support arrearages, but a finding of contempt is still pursued, an appointment of counsel is then probably necessary. As

stated in *State v. King,* 82 Wis.2d 124, 137, 262 N.W.2d 80, 86 (1978), "[a] civil contemnor in Wisconsin who is fined or imprisoned for purely punitive reasons and does not have the ability to purge probably can make a good case for reversal on the grounds that he is entitled to the constitutional safeguards of the criminal contempt procedure."