MICHAEL W. GAGE, District Attorney Outgamie County
You request my opinion on this question: does the State Public Defender (hereinafter "Defender") have the power or authority to represent an indigent individual (hereinafter "indigent") at a hearing, conducted under sec. 343.305 (8)(b)1. and 2., Stats., relative to such indigent's refusal to provide a sample of his/her breath, blood, or urine pursuant to sec. 343.305 (2)(b). Stats., where such indigent, prior to such hearing, has been charged with a criminal offense or offenses based on the same situation as that giving rise to his/her above-described refusal?
Your office has advised me that this opinion request is prompted by the presence in your county of two regularly recurring situations. In the first (hereinafter "Situation 1"). an indigent has made the above-described refusal, and has then been charged, as a result of the occurrence productive of such refusal. with a violation of sec. 346.63 (1), Stats. (driving or operating a motor vehicle while under the influence of an intoxicant or a controlled substance), punishable as a misdemeanor under sec. 346.65 (2)(a)2. or 3. Stats. In such situation, you advise me that a representative of the Defender always appears at the above-described hearing (hereinafter "Refusal Hearing"), *Page 17 
and there represents the indigent involved, over your objection. In the second situation (hereinafter "Situation II"), an indigent has made the above-described refusal, and as a result of the occurrence productive of such refusal, has been charged with a first violation of sec. 346.63 (1), Stats., punishable only by a forfeiture under sec. 346.65 (2)(a), Stats., but has, as a result of such occurrence, also been charged with a violation of criminal law, as. e.g., a violation of sec. 343.44, Stats. (driving after license revoked or suspended), or of sec. 346.04
(3), Stats. (knowingly fleeing or attempting to elude a traffic officer under conditions described in sec. 346.04 (3), Stats.). In Situation II you advise me that a representative of the Defender sometimes appears at the Refusal Hearing. and there represents the indigent involved, over your objection.
Your office has further informed me that the apparent position of the Defender in both Situations I and II is that he has the right to represent the indigent there involved at the Refusal Hearing because he will represent such indigent in the criminal case arising out of the occurrence producing the refusal and Refusal Hearing; and because such indigent, unless represented by the Defender at the Refusal Hearing, might make statements which would prove damaging to him/her at the trial of such case. I would also surmise that in Situation I the Defender might believe that his representation of the indigent would be helpful, under certain circumstances, to establish that the indigent's "refusal" cannot be deemed such, i.e., that the Defender could help to bring about a showing by a preponderance of the evidence "that the refusal was due to a physical inability to submit to the test due to a physical disability or disease unrelated to the use of intoxicants or controlled substances." See sec. 343.305 (8)(b)2., Stats. Such a showing should mean that the indigent, if charged with driving while intoxicated, would not be faced at trial with evidence of "refusal" as proof of such indigent's consciousness of guilt. See State v. Albright, 98 Wis.2d 663, 672,298 N.W.2d 196 (1980).
In pertinent part, sec. 977.05, Stats., reads:
(4) Duties. The state public defender shall:
. . . .
 (h) Accept requests for legal services from indigent persons entitled to counsel under s. 967.06 or otherwise so entitled *Page 18 
under the constitution or laws of the United States or this state and provide such persons with legal services when, in the discretion of the state public defender, such provision of legal services is appropriate.
(i) Provide legal services in:
 1. Cases involving persons charged with a crime against life under ss. 940.01 to 940.12.
. . . .
 3. Cases involving persons charged with a misdemeanor not specified under subd. 1.
In considering the above-quoted portions of sec. 977.05, Stats., and the powers (referred to under the heading "Duties") conferred thereby, a rule well-imbedded in Wisconsin law comes into play, namely, that, "[i]n addition to powers expressly conferred upon him by statute, an officer has by implication such additional powers as are necessary for the due and efficient exercise of the powers expressly granted or such as may be fairly implied from the statute granting express powers." Kasik v. Janssen,158 Wis. 606, 610, 149 N.W. 398 (1914).
Looking first at sec. 977.05 (4)(i)1. and 3., Stats., above-quoted, in the light of such rule, I find no express power in the Defender to appear in Situations I and II above-described to represent the indigent there involved at the Refusal Hearing. In such situations, the indigent is a person involved in a case wherein he is "charged with a misdemeanor not specified under subd. 1." of sec. 977.05 (4)(i), Stats., i.e., the charged violations there involved, all crimes not punishable by imprisonment in the Wisconsin state prisons, and therefore misdemeanors as defined by sec. 939.60, Stats., are not the sole misdemeanor falling within the scope of sec. 977.05 (4)(i)1., Stats., namely, that described in sec. 940.04 (3), Stats. And by virtue of sec. 977.05 (4)(i)3., Stats., the Defender has the express duty, and therefore the power, to provide legal services to the indigent "in" such cases, involved in Situations I and II; but nowhere in sec. 977.05, Stats., is any express power given the Defender to render services to such indigent outside such case, in a matter such as the Refusal Hearing, which is clearly not a part of such case, even though its conduct and/or outcome could conceivably have a bearing thereon. *Page 19 
At this juncture, let me emphasize the significance of the word "in" appearing in the words "[p]rovide legal services in" appearing in sec. 977.05 (4)(i), Stats. "In," as used therein, obviously is used as a preposition in its most common and usual sense, i.e., in the limiting sense of "within." See GeneralAmerican Indemnity Co. v. Pepper, 161 Tex. 263, 339 S.W.2d 660,662 (1960) wherein it is said:
 The word "in" means inside of, within the bounds or limits of — American and English Encyclopaedia of Law (2d Ed.), Vol. 16, p. 123. Webster's Dictionary defines "in" to mean: "Primarily, in denotes situation or position with respect to a surrounding, encompassment, or enclosure, . . . indicating being within, as a bounded place, a limited time, an encompassing material. . . ." At page 16 of Volume 20. Words and Phrases, the word "in" is said in its most usual significance and popular use to mean enclosed or surrounded by limits, as in a room.
See also Verdine v. Olney, 34 N.W. 975. 978 77 Mich. 310 (1889), wherein the court said: "The definition of `in' by Webster is `within: inside of;' and with such meaning the preposition is commonly and generally used." It is thus clear that when the statutory language above quoted imposes on the Defender the duty (and gives him the concomitant power) to "Provide legal servicesin: . . . 3. Cases involving persons charged with a misdemeanor not specified under subd. 1," such duty obtains only in, i.e.within such cases and its statutory imposition creates no duty (and no power) in the Defender to represent the indigent charged in such case at the Refusal Hearing, because such hearing is nota part of the indigent's misdemeanor case. As is said inSuspension of Operating Privilege of Bardwell, 83 Wis.2d 891
902, 266 N.W.2d 618 (1978), "A hearing to determine the reasonableness of a refusal is a proceeding separate and distinctfrom the prosecution for operating a motor vehicle whileintoxicated brought under sec. 346.63 (1) (a) or a municipalordinance in strict conformity therewith" (emphasis supplied). In the light of this plain and explicit holding, and the fact that sec. 977.05 (4)(i)3. clearly provides only that the Defender must provide legal services in the cases described therein, it is, in my opinion, indisputably clear that the Defender has no power or duty under such statute to represent the indigent accused at the Refusal Hearing, which is extraneous to the misdemeanor case involved, or, as the above-quoted Bardwell holding shows, "separate and distinct" from such misdemeanor case. *Page 20 
Is the power to render the services in question, however, one "fairly implied from" sec. 977.05 (4)(i)3., Stats., granting the express power above mentioned? In my opinion, no, as there is nothing in the language of sec. 977.05 (4)(i)3., Stats., from which an inference may fairly be drawn that the express power thereby conferred to render legal services in a criminal case is accompanied by an implied power to render legal services in a civil matter such as the Refusal Hearing in question. But is the power to represent the indigent in Situations I and II, at the Refusal Hearing, conferred by implication on the Defender as an "additional" power "necessary for the due and efficient exercise" of the power expressly granted to him under sec. 977.05 (4)(i)3., Stats., to represent such indigent in the criminal cases involved in Situations I and Il'? In my opinion, no. It might be true that the Defender's representation of the indigent at the Refusal Hearing would improve, or at least might improve, the indigent's position at the trial of the criminal charge against him/her; but in my judgment it cannot be said that sans the probability or possibility of such improvement, the Defender, expressly empowered to provide legal services to the indigent only in such criminal case, would find it impossible to exercise such power in a due and efficient manner. It would perhaps be "convenient" to the exercise of such express power in such manner to have the power to represent the indigent at the Refusal Hearing; but in my opinion it would not be "necessary" to the exercise of such express power in such manner for the Defender to possess the implied power to represent the indigent at the Refusal Hearing; and I therefore do not believe he has such implied power under that portion of the rule set forth above, which reads "an officer has by implication such additional powers as are necessary for the due and efficient exercise of the powers expressly granted" (emphasis supplied).
As above shown, subsec. (h) of sec. 977.05 (4), Stats., provides that the Defender shall:
 [A]ccept requests for legal services from indigent persons entitled to counsel under s. 967.06 or otherwise so entitled under the constitution or laws of the United States or this state and provide such persons with legal services when, in the discretion of the state public defender, such provision of legal services is appropriate. *Page 21 
With respect to this statute, it is plain that the indigent involved in Situation I or II, faced with a misdemeanor charge punishable by imprisonment, is entitled to counsel under theSixth Amendment of the United States Constitution. SeeArgersinger v. Hamlin, 407 U.S. 25, 37, 38 (1972). It would also appear that such indigent would be entitled to counsel under sec.967.06, Stats., in Situations I and II, since they involve detention or arrest in connection with an offense, or offenses, punishable by incarceration Consequently, it is my opinion that the Defender, under the broad discretion vested in him by the second sentence of subsec. (h), sec. 977.05 (4), Stats., is empowered, if he deems it "appropriate" to do so, to provide the indigent involved in Situations I and Il with legal services in the form of representation at the Refusal Hearing.
In giving the opinion immediately above-stated, I wish four things clearly understood. First, I discern no conflict between such opinion and the opinion which precedes it, which is that the Defender has no implied power to render the above-described services, rising out of a necessity, which I view as nonexistent, for the Defender to have such implied power in order to exercise the express power he has under sec. 977.05 (4)(i)3., Stats., in a due and efficient manner. There is a marked difference between the Defender having the discretion he clearly has under subsec. (h), sec. 977.05 (4). Stats., to provide legal services he merely deems "appropriate," and then providing the legal services in question as "appropriate," and his having an implied power to render such services because it is "necessary" to render them for the due and efficient exercise of a power expressly granted to the Defender.
Second, I wish it understood that in opining that the Defender may render the legal services in question under the broad discretion vested in him by sec. 977.05 (4)(h), Stats., if he deems their rendition "appropriate," I am not opining that his judgment of what is "appropriate" in the exercise of such discretion is free of the restraints of law, and would permit him to render legal services of any kind to an indigent requesting them, even if such services had no reasonably substantial relationship to the offense with which the indigent was charged or the trial thereon and could not possibly benefit the indigent's interests in the criminal case involved. Thus, I am not opining that the Defender, in Situations I and/or II could, for example, represent the individual there involved in a will contest, a *Page 22 
divorce, or real estate transaction, in the exercise of his above-mentioned discretion. I am confident, of course, that as a responsible state officer, the Defender would not attempt to mislabel any one of such services "appropriate," and then render it to the indigent. The Defender, I am sure, shares my awareness of the principles well-expressed in the following language ofState v. Knox, 153 Fla. 165, 14 So.2d 262, 264 (1943):
 The discretion conferred by law on an officer is required to be exercised according to established rules of law. The officer when exercising the discretion is not permitted or allowed to act in an arbitrary or capricious manner. He is not permitted to exercise the discretion conferred by law for personal, selfish or fraudulent motives or for any reason or reasons not supported by the discretion conferred by law. See 38 C.J. 598-600, par. 74 . . . .
(Emphasis supplied.)
Third, I wish it understood that it is my belief that the Defender, under the circumstances involved in Situations I and II, and described above, would have good reason to conclude that the rendering of the legal services to the indigent involved at the Refusal Hearing was "appropriate," i.e., "fit, proper." SeeWebster's Third New International Dictionary, Unabridged 106 (1968).
Fourth, I believe it desirable to stress that the power I hereby discern in the Defender is purely statutory, and that, in my opinion, an indigent in Situation I or Il could not successfully contend that the Defender must give him representation at the Refusal Hearing under the Due Process Clause of the Fourteenth Amendment of the United States Constitution. It has only recently been held by the Supreme Court of the United States, in Lassiter v. Department of SocialServices of Durham Cty N.C., decided June 1, 1980, 49 U.S.L.W. 4586, 6-2-81, that there exists "the presumption that an indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty." 49 U.S.L.W. at 4588. An indigent "losing" a Refusal Hearing may not be deprived of his or her physical liberty as a result of such loss. Although the presumption above mentioned is a rebuttable one, as Lassiter
makes clear (49 U.S.L.W. at 4588-89), the decision as to whether it has been rebutted, so that due process requires appointment of counsel, is not for the Defender to make, under the rationale ofLassiter, but for the court conducting *Page 23 
the Refusal Hearing to make. 49 U.S.L.W. at 4589. In my judgment, it is not likely that the above-mentioned presumption could be overcome so as to require a "due process" appointment of counsel to represent an indigent in Situation I or II at a Refusal Hearing; and I therefore view the power here in question, as above indicated, as one derived solely from statute. not from the Due Process Clause of the Fourteenth Amendment.
In closing this opinion, let me state that although in my view it is arguable that sec. 955.05 (4)(m), Stats., imposing on the Defender the duty to "[p]erform all other duties necessary or incidental to the performance of any duty enumerated in this chapter." also confers on him the power in question, it is unnecessary to address herein the issue of whether it does so, since, as shown above, sec. 977.05 (4)(h), Stats., so clearly gives the Defender such power.
BCL:JHM