ROBERT D. ZAPF, District Attorney Kenosha County
You have requested my opinion concerning certain practices of the state public defender in your county. I will respond to the following issues raised in your letters:
 Does the state public defender have the authority to represent indigent material witnesses for the state who are required to post bail pursuant to section 969.01 (3), Stats.? If so, what is the scope of that representation?
 Assuming the authority to represent witnesses required to post bail under section 969.01 (3), Stats., does this create a conflict of interest when the public defender office representing the state's material witness is also representing the defendant in the same case?
 Does the public defender have the authority to represent indigents in civil forfeiture actions, including traffic matters, on the theory that since these are indigent people, they are unable to satisfy the forfeiture judgments and consequently face incarceration for contempt of court?
Any analysis of these questions must begin with chapter 977, Stats., which governs the state public defender. The applicable provisions are section 977.05 (4)(h) and (i). Those subsections, as amended by chapter 20, Laws of 1981. delineate the duties of the public defender.
Section 967.06, to which section 977.05 (4)(h) refers, states:
 As soon as practicable after a person has been detained or arrested in connection with any offense which is punishable by incarceration, or in connection with any civil commitment proceeding, or in any other situation in which a person is entitled to counsel regardless of ability to pay under the constitution or laws of the United States or this state, the person shall be informed of his or her right to counsel. Persons who indicate at any time that they wish to be represented by a lawyer, and who claim that they are not able to pay in full for a lawyer's services, shall immediately *Page 63 
be permitted to contact the authority for indigency determinations specified under s. 977.07 (1).
It is my opinion that the public defender has the authority to represent indigents whom the state seeks to hold as material witnesses under section 969.01 (3). That section provides:
 If it appears by affidavit that the testimony of a person is material in any felony criminal proceeding and that it may become impracticable to secure his presence by subpoena, the judge may require such person to give bail for his appearance as a witness. If the witness is not in court, a warrant for his arrest may be issued and upon return thereof the court may require him to give bail as provided in s. 969.03 for his appearance as a witness. If he fails to give bail, he may be committed to the custody of the sheriff for a period not to exceed 15 days within which time his deposition shall be taken as provided in s. 967.04.
A section 969.01 (3) bail hearing is a unique proceeding. The person involved is not a criminal defendant nor is he or she subject to any sort of "penalty." The provision is undoubtedly non-punitive in nature even when incarceration results. Its sole purpose is to guarantee the appearance of the witness in court.See sec. 969.01 (4), Stats. However, incarceration is a very real option, unless bail is set very low.
Wisconsin courts have recognized an entitlement to appointed counsel when the state brings a civil contempt action against an indigent since incarceration is an option for contempt. Brotzmanv. Brotzman, 91 Wis.2d 335, 283 N.W.2d 600 (Ct. APP. 1979);Ferris v. State ex rel. Maass, 75 Wis.2d 542, 546,249 N.W.2d 789 (1977). As the court reasoned in Brotzman: "In this matter, the state is exercising its police powers to threaten an individual's liberty. That the imprisonment here would be coercive rather than punitive is immaterial." 91 Wis.2d at 339
(footnote omitted). In such a case, the court must advise the alleged contemnor of his or her right to counsel and, if indigent, that counsel will be appointed at public expense.
The same rationale appears to apply at section 969.01 (3) hearings. Because the liberty of the witness is threatened in an action brought directly by the state, it appears that the witness is entitled to appointed counsel under section 967.06. See Peopleex rel. Fusco v. Ryan, 124 N.Y.S.2d 690, 696 (1953); People exrel. Van Der Beek v. *Page 64 McCloskey, 18 A.D.2d 205, 238 N.Y.S.2d 676 (1963). Assuming indigency is established, the public defender is duty-bound by section 977.05 (4)(h) to represent that person at the section969.01 (3) hearing.
The next issue relates to the scope of that representation. Certainly, counsel may appear on behalf of the material witness to challenge the state's determination that the witness is "material," to challenge the need for bail or the amount of bail, to challenge the existence of an ongoing "felony criminal proceeding" for which this person is to be a witness, or to present a claim that the detention is too long or is merely a ruse to interrogate a person as a prospective defendant in the criminal action. See Van Der Beek, 238 N.Y.S.2d at 681; Fusco,124 N.Y.S.2d at 697-98. However, it appears that section 977.05
(4)(h) does give the public defender some discretion to provide representation beyond, but reasonably related to, the section969.01 (3) proceedings. See 71 Op. Att'y Gen. 16 (1982) (January 14, 1982).
This brings us to the conflict of interest question. As a threshold matter, it should be noted that the law is unsettled on the question whether the public defender's office is to be treated as a single entity for purposes of resolving a conflict of interest question. The cases are split on this point. SeeAnnot., 18 A.L.R.4th 360, 394 (1982), "Criminal Counsel — Conflict of Interests." However, the public defender's own rule appears to treat the office as a single entity for conflict of interest purposes. Rule SPD 2.05 Wis. Adm. Code.
Representation of a material witness will in many cases create an actual conflict of interest with a criminal defendant in that same case who is also being represented by the public defender. If nothing else, the potential for conflict and the appearance of impropriety should be obvious. The public defender's own rule would prohibit representation of clients who have such conflicting interests in the same case.
Rule SPD 2.05 of the Wisconsin Administrative Code provides:
 The state public defender shall not represent more than one person at trial charged in the same case or any client whose interests conflict with any other client. Such cases shall be assigned to *Page 65 
private local counsel and compensated as part of the private bar percentage as determined by s. 977.02 (6).
(Emphasis added.)
If, however, the material witness and the defendant insist on maintaining public defender representation, and if the public defender chooses to continue the dual representation despite Rule SPD 2.05 and the Code of Professional Responsibility, Rule SCR 20.23 (3) (1982), the court should inquire of counsel and the clients before the section 969.01 (3) hearing as to the possibility of actual conflicts and their understanding of the serious risks involved. State v. Kaye, 106 Wis.2d 1, 14,315 N.W.2d 337 (1982). The determination as to whether an actual conflict exists, and whether representation of multiple clients in the same case ought to continue, must be done on a case-by-case basis. However, because of the potential for an actual conflict of interest in this situation, dual representation of a criminal defendant and a material witness against such defendant should be avoided.
In fact, there may be certain circumstances where it is impossible for a material witness and/or a criminal defendant in the same case to make a knowing waiver of their right to conflict-free counsel. Since the court in Kaye required that any such waiver be "knowing," 106 Wis.2d at 14, 16, there may be cases in which the trial court should not permit the public defender to represent both even if it is contrary to their express desire to waive any conflict. See, e.g., In re Grand JuryInvestigation, 436 F. Supp. 818, 821-22 (W.D. Pa. 1977).
There is hope that some of these issues will be clarified soon. In Kaye, the Wisconsin Supreme Court expressly disagreed with the result in United States v. Flanagan, 527 F. Supp. 902 (E.D. Pa. 1981), where the district court refused to permit defendants to be represented by the same law firm because of the potential
conflict of interest. The district court so ruled even though the defendants chose the same firm and wished to waive any claim of conflict. 106 Wis.2d at 16. The Third Circuit Court of Appeals affirmed the district court's order in Flanagan, 679 F.2d 1072
(3d Cir. 1982). The United States Supreme Court has agreed to review the third circuit's decision. The Supreme Court's decision should shed some light on these complicated conflict of interest questions. *Page 66 
The issue you raise regarding representation by the state public defender in civil forfeiture matters is quickly disposed of, with one exception.
In the recent decision of State v. Novak, 107 Wis.2d 31,318 N.W.2d 364 (1982), the Wisconsin Supreme Court clearly stated that an indigent person is not entitled to counsel in a civil forfeiture action. 107 Wis.2d at 41. But see Schindler v. Clerkof Circuit Court, Case No. 82-C-696 (W.D. Wis. Nov. 30, 1982). Incarceration will not actually result, nor is it an option, in a civil forfeiture action. See State ex rel. Winnie v. Harris,75 Wis.2d 547, 556, 249 N.W.2d 791 (1977); see State v. Albright,98 Wis.2d 663, 673, 298 N.W.2d 196 (Ct.App. 1980). It is only when the state brings a separate contempt action for failure of the person to satisfy the civil forfeiture that representation by the public defender will be available. See Brotzman.
This is analogous to the situation in Novak. There, a criminal conviction for second offense drunk driving was affirmed even though that criminal conviction was grounded on an uncounseled civil forfeiture first offense drunk driving. The court concluded that the possibility of incarceration only came into existence after the defendant was actually charged with the second offense drunk driving. Only at that point was he entitled to counsel.107 Wis.2d at 41. Therefore, if the state seeks to hold an individual who claims to be indigent in contempt for failure to satisfy a civil forfeiture judgment, the defendant is entitled to appointed counsel at that contempt proceeding. Secs. 967.06 and977.05 (4)(h), Stats.
While it is clear that an indigent is not entitled to counsel at a civil forfeiture hearing, Novak, and that an indigent is entitled to counsel in a contempt action, Brotzman and Ferris, a difficult right to counsel issue arises when a civil forfeiture judgment is not satisfied and the person is automatically incarcerated pursuant to a commitment order. See sec. 66.12 (1)(c), Stats.; sec. 345.47 (1)(a), Stats. Also see West Allis v.State ex rel. Tochalauski, 67 Wis.2d 26, 30, 226 N.W.2d 424
(1975). It is clear that a person may not be incarcerated for his or her financial inability to pay a forfeiture. Tochalauski;State ex rel. Pedersen v. Blessinger, 56 Wis.2d 286,201 N.W.2d 778 (1972); Tate v. Short, 401 U.S. 395 (1971); see City ofMadison v. Two Crow, 88 Wis.2d 156, 164-65, 276 N.W.2d 359 (Ct. App. 1979). It is also clear that, upon request, a person who claims to be indigent and financially unable to pay the forfeiture is entitled to a hearing at *Page 67 
which he or she bears the burden of proving his financial inability to pay. The hearing, in essence a "resentencing" hearing, may be requested at any time after the entry of the judgment, including after detention on the commitment order.Tochalauski, 67 Wis.2d at 32; Pedersen, 56 Wis.2d at 296. However, it is not clear whether the indigent person has a right to appointed counsel at such a "financial inability to pay" hearing. See Pedersen, 56 Wis.2d at 288 n. 1. This problem could be avoided in some cases by raising and fully considering the question of ability to pay at the forfeiture hearing itself before the court enters a judgment. See Tochalauski,67 Wis.2d at 30-31.
However, this is getting beyond the scope of your original request which referred only to the right to counsel at a civil forfeiture hearing. As stated above, that question has been squarely answered by Novak. Resolution of the question whether a person who claims to be financially unable to satisfy a judgment has a right to appointed counsel at some time before being incarcerated on a commitment order will have to await a court decision where that issue is squarely presented.
If the public defender is already representing an indigent in a proceeding for which that person is entitled by law to counsel, the public defender may also represent that indigent in a closely related civil forfeiture action if, in the exercise of his or her discretion, the public defender deems that additional representation to be "appropriate." Sec. 977.05 (4)(h), Stats.;see 71 Op. Att'y Gen. 16 (1982) (January 14, 1982).
However, there is no authority whatsoever for the public defender to represent an indigent person in a civil forfeiture action alone. Novak, 107 Wis.2d at 41. The discretion authorized under section 977.05 (4)(h) is limited by the language which precedes it. That section requires the public defender to accept requests for legal services from indigent persons legally entitled to counsel. It goes on to state that "such persons" may be provided with additional legal services when, in the discretion of the public defender, such services are "appropriate." I read the phrase "such persons" to mean only those who are already receiving public defender representation because they are entitled to it by law in a related proceeding. The public defender may not expand the discretion of section977.05 (4)(h) to *Page 68 
include representation in a civil forfeiture action of any indigent person who is not otherwise entitled to representation.
Although it is not entirely clear, your letter also appears to raise the issue whether the public defender has the authority to represent an indigent who is a witness for the state in a criminal prosecution when that witness is not, and has not been, the subject of a material witness warrant and is not otherwise entitled to counsel by law. Stated another way, does the public defender have the authority to appoint counsel for an indigent simply because of that person's status as a witness for the state in a pending criminal prosecution?
It should be self-evident, based upon the discussion so far, that the public defender has no authority to represent such a witness. There is no independent statutory or constitutional basis for representing the witness; consequently, there exists no basis for discretionary representation of this witness by the public defender under section 977.05 (4)(h), Stats.
BCL:DJO